**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
D. GREG BLANKINSHIP (*pro hac vice* forthcoming)
JEAN M. SEDLAK (SBN 267659)
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
gblankinship@fbfglaw.com
jsedlak@fbfglaw.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94116
Telephone: (415) 772-4700
Facsimile: (415) 772- 4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INES BURGOS, and MONGKOL MAHAVONGTRAKUL, individually and on behalf of other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SUNVALLEYTEK INTERNATIONAL, INC., <br><br> Defendant. | Case No.  4:18-cv-6910 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

{00296734 }

Ines Burgos, a New York resident ("Ms. Burgos"), and Mongkol Mahavongtrakul, a California resident ("Mr. Mahavongtrakul") (collectively "Plaintiffs"), individually and on behalf of other similarly situated individuals, allege the following against defendant Sunvalleytek International, Inc. ("Sunvalleytek" or "Defendant"), upon personal knowledge as to themselves and their own acts and upon information and belief – based upon, *inter alia*, the investigation made by their attorneys – as to all other matters, as follows:

## INTRODUCTION

1.     In recent years consumers have become increasingly dependent on portable electronic devices like smart phones, tablets, and laptop computers ("PED"). PEDs have made it convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information. However, like any electronic device, PEDs require power and their internal batteries must be periodically recharged.

2.     To address the needs of consumers to use PEDs during travel, or when the consumer otherwise lacks access to an electrical outlet, the portable charger industry emerged. A portable charger, often called a power bank ("Power Bank"), is a small, portable power source consumers can use to recharge their PEDs during travel. The greater the capacity of the Power Bank, as is expressed in milliampere-hours ("mAh"), the more times the Power Bank can be used to recharge PEDs before the Power Bank must be recharged itself. Thus, consumers prefer and are willing to pay a premium for Power Banks with higher mAh ratings.

3.     Sunvalleytek manufactures, markets, and distributes for sale nationwide to consumers a number of Power Banks under the RAVPower label (the "Products"). It does so by prominently representing the Products' capacities as measured in mAh. Unfortunately for consumers, testing has shown the Products' actual capacity is substantially lower than what Sunvalleytek represents.

4.     By deceiving consumers about the Products' capacity as detailed herein, Sunvalleytek is able to sell more of, and charge more for, the Products than it could if they were labeled accurately. Further, Sunvalleytek is incentivized to mislead consumers to take away market share from competing products, thereby increasing its own sales and profits.

5.     This is a proposed class action brought by Plaintiffs, individually and on behalf of a class of similarly situated individuals, against Sunvalleytek International, Inc., seeking redress for Defendant's unjust, unfair, and deceptive practices in misrepresenting the capacity of the Products in violation of state law during the applicable statute of limitations period ("Class Period").

**JURISDICTION AND VENUE**

6.     This Court has personal jurisdiction over the parties in this case.  Sunvalleytek's principal place of business is within Alameda County and Sunvalleytek purposefully avails itself of the California consumer market and distributes the Products to thousands throughout California.

7.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which the proposed plaintiff class is comprised of at least 100 members, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  The total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

8.     Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the Products, occurred within this District.

**INTRADISTRICT ASSIGNMENT**

9.     Assignment to the San Francisco or Oakland Division is appropriate under Civil L.R. 3-2(c) and (d) because a substantial part of the events or omissions that give rise to the claim, including the dissemination of false and misleading information regarding the Products, occurred within the County of Alameda.

**PARTIES**

10.     Plaintiff Ines Burgos is an individual consumer who, at all times material hereto, was a citizen and resident of Bronx, New York.  On March 22, 2018, Ms. Burgos purchased the

Product from Sunvalleytek through Amazon.com.  In deciding to purchase the Product, Ms. Burgos read and relied on Sunvalleytek's representations on Amazon.com that the Product's capacity is 26800mAh.  Had Ms. Burgos known the truth, that the Product's mAh was really less, she would have not purchased it or would not have been willing to pay as much as she paid for the Product.

11.  Plaintiff Ms. Burgos frequently uses PEDs during travel and when she otherwise does not have access to an electrical outlet.  Ms. Burgos would consider purchasing the Product again if she could trust that Sunvalleytek's representations about its mAh rating were correct going forward, such as if the Product was redesigned to make Sunvalleytek's representations about it correct, and if the price fairly reflected the actual mAh capacity of the battery.  She also has a strong interest in ensuring honesty in the marketplace for Power Banks.

12.  Plaintiff Mongkol Mahavongtrakul is a resident of Martinez, California.  On or around October 30, 2016, he purchased the Product in Martinez, California, from Amazon.com. In deciding to purchase the Product, Mr. Mahavongtrakul read and relied on Sunvalleytek's representations that the Product's capacity is 22000mAh.  Had Mr. Mahavongtrakul known the truth, that the Product's mAh was really less, he would have not purchased it or would not have been willing to pay as much as he paid for the Product.

13.  Mr. Mahavongtrakul frequently uses PEDs during travel and when he otherwise does not have access to an electrical outlet.  Mr. Mahavongtrakul would consider purchasing the Product again if he could trust that Sunvalleytek's representations about its mAh rating were correct going forward, such as if the Product was redesigned to make Sunvalleytek's representations about it correct, and if the price fairly reflected the actual mAh capacity of the battery.  He also has a strong interest in ensuring honesty in the marketplace for Power Banks.

14.  Defendant Sunvalleytek International, Inc. is a California corporation with its principal place of business at 46724 Lakeview Blvd., Fremont, California 94537.  Defendant owns the RAVPower brand.  Defendant markets and distributes the Products from California throughout the State of California and the United States.

**DEFENDANT DECEPTIVELY MARKETS RAVPOWER POWER BANKS.**

15.     Millions of Americans depend on PEDs to conduct their daily lives.  PEDs have made it more convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information.

16.     To address the needs of consumers to power their PEDs during travel, or when they otherwise lack access to an electrical outlet, an industry for Power Banks has emerged.  The sale of Power Banks now generates more than $15 billion in sales each year.

17.     The most important factor for consumers in choosing a Power Bank is its capacity, which is measured in milliampere-hours, or "mAh."  The higher the mAh, the greater the number of times a Power Bank can be used to recharge PEDs before the Power Bank itself must be recharged.  Consumers thus have a strong preference for, and pay more for, Power Banks with a higher mAh.  Accordingly, for most Power Banks, the mAh rating is featured prominently in the product's advertising.

18.     Defendant manufactures, markets, and distributes for sale nationwide to consumers a number of Power Banks under the RAVPower label.  Defendant sells the Products directly from its website, through Amazon.com, and through other retailers.  Everywhere the Products are sold, at the point of sale and on the Products' packaging, Defendant prominently represents the Products' capacity as measured in mAh.

19.     Unfortunately, testing has shown that Defendant has substantially inflated the Products' mAh ratings.  Plaintiffs tested RAVPower Power Banks (the same models the Plaintiffs purchased) using a skilled and experienced testing company.  The results are represented in the table below.

| Plaintiff | Capacity Represented (in mAh) | Actual Capacity (in mAh) |
|---|---|---|
| Ines Burgos | 26800 | 9860 |
| Mongkol Mahavongtrakul | 22000 | 13354 |

CLASS ACTION COMPLAINT

20.     Upon information and belief, Sunvalleytek knew, at the time it sold the Products to Plaintiffs and the other Class members, that the Products' true capacity was substantially less than what Sunvalleytek had represented.   Sunvalleytek intentionally misrepresented the Products' capacity to Plaintiff and the other Class members to induce them to purchase and pay a premium for the Products.

21.     Sunvalleytek has profited enormously from its false and misleading representations about the Products.   The purpose of this action is to put an end to Sunvalleytek's deceptive marketing of the Products and to provide consumers with monetary and injunctive relief.

## CLASS ALLEGATIONS

22.     Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated individuals within the United States (the "Nationwide Class"), defined as follows:

> All consumers who purchased the Products within the United States. Excluded from the Class is anyone who received a refund, as well as any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

23.     Additionally, Plaintiff Mahavongtrakul (the "California Plaintiff") brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated California Citizens (the "California Class"), defined as follows:

> All consumers who purchased the Products within California. Excluded from the California Class is anyone who received a refund as well as any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

24.     Additionally, Plaintiff Burgos (the "New York Plaintiff") brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other similarly situated New York Citizens (the "New York Class"), defined as follows:

> All consumers who purchased the Products within New York. Excluded from the New York Class is anyone who received a refund

as well as any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

25.     Additionally, Plaintiffs brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and similarly situated individuals within certain States (the "Multi-State Class"), defined as follows:

All consumers who purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington.  Excluded from the Multi-State Class are any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

The Nationwide Class, California Class, New York Class, and Multi-State Class are referred to collectively as the "Classes."

26.     At this time, Plaintiffs do not know the exact number of members of the Classes; however, based on Defendant's sales, market research, and publicly available information Plaintiffs believe that the number of members of each of the Classes are so numerous that joinder of all members is impractical.

27.     Questions of law and fact common to the members of the Nationwide Class and the California Class that predominate over questions that may affect individual members include:

(a)  whether Defendant misrepresented the Products' mAh ratings;

(b)  whether Defendant's conduct was unfair and/or deceptive;

(c)  whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiffs and the members of the Class;

(d)  whether Defendant's conduct constitutes a breach of express warranty;

(e)  whether, in violation of California Civil Code § 1770(a)(9), Defendant advertised the Products with the intent not to sell them as advertised;

(f) whether, in violation of California Civil Code §1770(a)(5), Defendant represented that the Products had characteristics, uses, or benefits that they did not have;

(g) whether, in violation of California Civil Code §1770(a)(7), Defendant represented that the Products were of a particular standard, quality or grade when they were of another;

(h) whether Defendant is subject to liability for violating California's Consumers Legal Remedies Act;

(i) whether Defendant has violated California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500-17536;

(j) whether Defendant has violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210;

(k) whether the Class is entitled to an award of restitution pursuant to California Business and Professions Code § 17203;

(l) whether Plaintiffs and the Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

28. Questions of law and fact common to the members of the New York Class that predominate over questions that may affect individual members include the questions in paragraph 27 (a) - (d), and (l).

(a) whether, in violation of § 349 of the New York General Business Law ("GBL"), Defendant engaged in deceptive acts or practices; and

(b) whether, in violation of GBL § 350, Defendant engaged in false advertising.

29. With respect to the Multi-State Class, questions in paragraphs 27 and 28 predominate.

30. Plaintiff Mahavongtrakul's claims are typical of those of the Nationwide, California and Multi-State Classes, because, like all members of the Nationwide, California and Multi-State Classes, he purchased, in a typical consumer setting, Defendant's Product bearing the claim that its capacity is greater than it really is.

31.     Plaintiff Burgos's claims are typical of those of the Nationwide, New York and Multi-State Classes, because, like all members of the Nationwide, New York and Multi-State Classes, she purchased, in a typical consumer setting, Defendant's Product bearing the claim that its capacity is greater than it really is.

32.     Plaintiffs will fairly and adequately protect the interests of the Classes, and have retained counsel that is experienced in litigating complex consumer products class actions. Plaintiffs have no interests which conflict with those of the Classes.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34.     No member of the Classes has a substantial interest in individually controlling the prosecution of a separate action.  The damages for each individual member of the Classes likely will be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's conduct.  Thus, it would be virtually impossible for them individually to effectively redress the wrongs done to them.

35.     The prerequisites to maintaining a class action for injunctive or equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the members of the Classes, thereby making appropriate final injunctive or equitable relief with respect to the Classes as a whole.

36.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not.  Additionally, individual actions could be dispositive of the interests of the members of the Classes even where certain members of the Classes are not parties to such actions.

37.     Defendant's conduct is generally applicable to the Classes as a whole and Plaintiffs seek, inter alia, equitable remedies with respect to the Classes.  As such, Defendant's systematic policies and practices make declaratory relief with respect to the Classes as a whole appropriate.

# CAUSES OF ACTION

## COUNT I

**(Unfair and Deceptive Acts and Practices in
Violation of the California Consumers Legal Remedies Act,
on Behalf of the Nationwide Class and California Class)**

38.     Plaintiffs incorporate by reference and reallege herein all paragraphs alleged above.

39.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

40.     The Plaintiffs and the other members of the Nationwide Class and California Class are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

41.     The Plaintiffs, the other members of the Nationwide Class and California Class, and Defendant have engaged in "transactions," as that term is defined by California Civil Code §1761(e).

42.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

43.     As alleged more fully above, Defendant has violated the CLRA by falsely representing to the Plaintiffs and the other members of the Nationwide Class and California Class that the Products' capacity is greater than it actually is.

44.     As a result of engaging in such conduct, Defendant has violated California Civil Code §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9).

45.     Pursuant to California Civil Code § 1780(a)(2) and (a)(5), the Plaintiffs seek an order of this Court that includes, but is not limited to, an order requiring Defendant to remove and/or refrain from making representations that the Products' capacity is greater than it actually is.

46.     The Plaintiffs and the Nationwide Class and California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

47.    The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiffs and the Nationwide Class and California Class.

48.    CLRA § 1782 NOTICE.  On June 27, 2018, Ms. Burgos sent a CLRA demand letter to Defendant via certified mail, return receipt requested, and on November 12, 2018, Mr. Mahavongtrakul sent a CLRA Demand Letter, via certified mail return receipt requested (collectively "Demand Letters").  In the Demand Letters Plaintiffs provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letters also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed.

49.    If Defendant does not fully meet the demand set forth in the CLRA demand letter, Plaintiffs will amend or seek leave to amend this Complaint in order to seek the following relief under California Civil Code § 1780 for Defendant's violations of California Civil Code §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9):

- actual damages under California Civil Code § 1780(a)(1);
- punitive damages under California Civil Code § 1780(a)(4);
- attorneys' fees and costs under California Civil Code § 1780(d); and
- any other relief the Court deems proper under California Civil Code § 1780(a)(5).

**COUNT II**
**(Violations of California's False Advertising Law,**
**on Behalf of the Nationwide Class and California Class)**

50.    Plaintiffs incorporate by reference and reallege herein all paragraphs alleged above.

51.    As alleged more fully above, Defendant has falsely advertised the Products by falsely claiming that the Products' capacity is greater than it really is.

52.    At all material times, Defendant engaged in a scheme of offering the Products for sale to Plaintiffs and the other members of the Nationwide Class and California Class by way of distributing within the State of California to the public, *inter alia*, commercial marketing and advertising, the World Wide Web (Internet), the Products' packaging and labeling, and other

promotional materials and offered for sale of the Products on a nationwide basis, including in California.

53.     The misrepresentations and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising, and therefore constitute a violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

54.     Said advertisements and inducements were made within and from the State of California and come within the definition of advertising contained in the FAL in that such promotional materials were intended as inducements to purchase the Products and are statements disseminated by Defendant to Plaintiffs and the other Nationwide Class and California Class members that were intended to reach Plaintiffs and the other Nationwide Class and California Class members.  Defendant knew, or in the exercise of reasonable care should have known, that these representations were misleading and deceptive.

55.     The above acts of Defendant did and were likely to deceive reasonable consumers, including Plaintiffs and the other members of the Nationwide Class and California Class, by misrepresenting the capacity of the Products, in violation of the "false" and "misleading" prongs of the FAL.

56.      Plaintiffs and the other members of the Nationwide Class and California Class have suffered injury in fact and have lost money or property as a result of Defendant's violations of Cal. Bus. & Prof. Code § 17500 *et seq.*

57.     Pursuant to California Business and Professions Code §§ 17203 and 17535, Plaintiffs and the Nationwide Class and California Class seek an order of this Court that includes, but is not limited to, an order requiring Defendant to remove and/or refrain from making representations on the Products' packaging and in its advertising that the Products' capacity is greater than it really is.

### COUNT III
**(Violation of California's Unfair Competition Law,
on Behalf of the Nationwide Class and California Class)**

58.     Plaintiffs incorporate by reference and reallege herein all paragraphs alleged above.

59.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Class as a whole, by engaging in unlawful, fraudulent, and unfair conduct.

60.     Defendant has violated the UCL's proscription against engaging in *unlawful* conduct as a result of:

(a)     its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

(b)     its violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.*, as alleged above.

61.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

62.     As more fully described above, Defendant's false and misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers. Indeed, Plaintiffs and the Nationwide Class and California Class were unquestionably deceived regarding the capacity of the Products, as Defendant's marketing, advertising, packaging, and labeling of the Products misrepresent and/or omit the true facts concerning the benefits of the Products.  Said acts are fraudulent business practices.

63.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

64.     Plaintiffs and the Nationwide Class and California Class suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Products.

65.     There is no benefit to consumers or competition from the deceptive marketing and labeling of the Products, which Defendant misrepresents as having a greater capacity than they actually do.

66.     Plaintiffs and the Nationwide Class and California Class had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

67.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives that exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiffs and the other members of the Nationwide Class and California Class.

68.     Defendant's violations of the UCL continue to this day.

69.     Pursuant to California Business and Professions Code § 17203, Plaintiffs and the Nationwide Class and California Class seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

       (a)  remove and/or refrain from making representations that the Products' capacity is greater than it really is;

       (b)  provide restitution to Plaintiffs and the Nationwide Class and California Class;

       (c)  disgorge all revenues obtained as a result of violations of the UCL; and

       (d)  pay Plaintiffs' and the Nationwide Class and California Class' attorneys' fees and costs.

### COUNT IV
**(Violation of New York General Business Law § 349,
on Behalf of the New York Class)**

70.     Plaintiffs incorporate by reference and reallege herein all paragraphs alleged above.

71.     Defendant engaged in false and misleading marketing concerning the Products.

72.     As fully alleged above, by advertising, marketing, distributing, and/or selling the Products to New York Plaintiff and other members of the New York Class of consumers, Defendant engaged in and continues to engage in deceptive acts and practices.

73.     New York Plaintiff and the other members of the New York Class seek to enjoin such unlawful deceptive acts and practices as described above.  Each of the New York Class

members will be irreparably harmed unless the unlawful actions of Defendant are enjoined, in that Defendant will continue to falsely and misleadingly advertise the capacity of the Products. Towards that end, New York Plaintiff and the New York Class request an order granting them injunctive relief in the form of an order prohibiting Defendant from representing that the Products' capacity is greater than it really is.

74.    In this regard, Defendant has violated, and continues to violate, New York GBL § 349, which makes deceptive acts and practices unlawful.  As a direct and proximate result of Defendant's violation of GBL § 349 as described above, New York Plaintiff and the other members of the New York Class have suffered damages based on the price premium Defendant can and does charge as a result of its misrepresentations and deceptive conduct in an amount to be determined at trial.

75.    Wherefore New York Plaintiff, on behalf of the New York Class, prays for relief as set forth herein.

## COUNT V
### (Violation of New York General Business Law § 350, on Behalf of the New York Class)

76.    Plaintiffs incorporate by reference and reallege herein all paragraphs alleged above.

77.    Defendant engaged in false advertising concerning the Products and was able to obtain higher purchase prices for the Products based on false advertising.

78.    As fully alleged above, by advertising, marketing, distributing, and/or selling the Products to New York Plaintiff and other members of the New York Class, Defendant engaged in and continues to engage in false advertising.

79.    New York Plaintiff and the other members of the New York Class seek to enjoin such unlawful false advertising as described above.  Each of the New York Class members will be irreparably harmed unless the unlawful actions of Defendant are enjoined, in that Defendant will continue to falsely and misleadingly advertise the capacity of the Products.  Towards that end, New York Plaintiff and the New York Class request an order granting them injunctive relief in the form of an order prohibiting Defendant from misrepresenting the Products' capacity.

80.     In this regard, Defendant has violated, and continues to violate, GBL § 350, which makes false advertising unlawful.  As a direct and proximate result of Defendant's violation of GBL § 350 as described above, New York Plaintiff and the other members of the New York Class have suffered damages based on the price premium Defendant can and does charge as a result of its misrepresentations and deceptive conduct in an amount to be determined at trial.

81.     Wherefore New York Plaintiff, on behalf of the New York Class, prays for relief as set forth herein.

## COUNT VI
### (Violation of Materially Identical State Consumer Protection Statutes, on Behalf of the Multi-State Class)

82.     Plaintiffs incorporate by reference and reallege herein all paragraphs alleged above.

83.     Defendant is engaged in "trade" and "commerce" as it distributes the Products to retail stores for sale to consumers within this and each of the states listed below.

84.     Defendant's representation regarding the capacity of the Products was material to a reasonable consumer and likely to affect consumer decisions and conduct.

85.     Defendant has used and employed unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

86.     Defendant's acts and practices are immoral, unethical, oppressive and unscrupulous.

87.     Defendant's conduct is substantially injurious to consumers.  Such conduct has, and continues to cause, substantial injury to consumers because consumers would not have paid such a high price for the Products but for Defendant's false promotion of the Product's electrical storage capacity.  Consumers have thus overpaid for the Products and such injury is not outweighed by any countervailing benefits to consumers or competition.

88.     No benefit to consumers or competition results from Defendant's conduct.  Since reasonable consumers are deceived by Defendant's representations of the Products and they were injured as a result, consumers could not have reasonably avoided such injury.

89.     The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiffs and the Multi-State Class to suffer an ascertainable loss when they paid a premium for the Products.

90.     The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of at least the following state consumer protection statutes:[1]

      (a) **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq.*,

      (b) **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

      (c) **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

      (d) **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

      (e) **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

      (f) **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

      (g) **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

      (h) **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

      (i) **North Carolina Unfair and Deceptive Trade Practices Act,** N.C. Gen. Stat. § 75-1.1(a).

      (j) **Ohio's Consumers Sales Practice Act,** Ohio Revised Code § 1345, *et seq.*

      (k) **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

---

[1] There is no material conflict between these state statutes because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

91.     The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiffs and the Multi-State Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products.

92.     Plaintiffs and the Multi-State Class are entitled to recover damages and other appropriate relief, as alleged below.[2]

**<u>COUNT VII</u>**
**(Breach of Express Warranty on Behalf**
**of the Classes)**

93.     Plaintiffs incorporate by reference and reallege herein all paragraphs alleged above.

94.     Defendant's representations regarding the Products' capacity constitute affirmations of fact.

95.     Defendant's representations that the Products' capacity is greater than it really is relates to the goods and became part of the basis of the bargain between Defendant and purchasers of the Products.

96.     Plaintiffs and members of the Classes purchased the Products, believing that they conformed to the express warranties.

97.     As set forth in the paragraphs above, Defendant's statements concerning the Products are false.

98.     All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiffs and the other members of the Classes.

99.     Defendant breached its express warranties about the Products because, as alleged above, the Products' capacity was lower than Defendant represented.  Defendant therefore breached the applicable state statutes and common law.

100.    As a result of Defendant's breaches of express warranty, Plaintiffs and the other members of the Classes were damaged in the amount of the purchase price they paid for the Products, or in the amount they paid based upon the misrepresentations, in amounts to be proven at trial.

---

[2] As is alleged in Count I, at this time Plaintiffs only seek equitable relief and attorneys' fees for Defendant's alleged CLRA violations.

101.     On June 27, 2018, within a reasonable time after she knew or should have known of such breach, Ms. Burgos, on behalf of herself and the other members of the Classes, placed Defendant on notice thereof.

102.     As a proximate result of the breach of warranties by Defendant, Plaintiffs and the other members of the Classes did not receive goods as warranted.  Among other things, Plaintiffs and members of the Classes did not receive the benefit of the bargain and have suffered other injuries as detailed above.  Moreover, had Plaintiffs and the members of the Classes known the true facts, they either would not have purchased the Products, or would not have been willing to pay the price Defendant charged for the Products.

103.     Wherefore Plaintiffs, on behalf of the Classes, pray for relief as set forth herein.

### COUNT VIII
**(Unjust Enrichment on Behalf of the Classes)**

104.     Plaintiffs incorporate by reference and reallege herein all paragraphs alleged above.

105.     Plaintiffs and the members of the Classes conferred benefits on Defendant by purchasing the Products and paying a greater price for them than they would have if the Defendant had truthfully represented the Products' capacity.

106.     Defendant has knowledge of such benefits.

107.     Defendant's representations that the capacity of the Products is greater than it actually is constitutes an affirmation of fact that is part of the basis of the bargain between Defendant and purchasers of the Products.

108.     Defendant made the above-referenced representations in order to induce Plaintiffs and the members of the Classes to purchase, purchase more of, or to pay more for the Products than they otherwise would have, and Plaintiffs and the members of the Classes relied on the representations in purchasing the Products.

109.     As a result of Defendant's deceptive, fraudulent and misleading labeling, advertising, and marketing of the Products, Plaintiffs and other members of the Classes were induced to pay the purchase price and pay more for the Products than they otherwise would have.

110.    Plaintiffs and the members of the Classes were unjustly deprived of payments because they would not have purchased, or would have purchased less of, or would have paid less for the Products if true facts had been known.

111.    Defendant was enriched at the expense of Plaintiffs and the other members of the Classes, thereby creating a quasi-contractual obligation on Defendant to restore those ill-gotten gains to Plaintiffs and the members of the Classes.

112.    Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiffs and the other members of the Classes, in light of the fact that the Products purchased by Plaintiffs and the other members of the Classes were not what Defendant purported them to be.  Thus, it would be unjust or inequitable for Defendant to retain the benefit without restitution to Plaintiffs and the other members of the Classes for the monies paid to Defendant for the Products.

113.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the members of the Classes are entitled to restitution or restitutionary disgorgement, in an amount to be proven at trial.

114.    Wherefore Plaintiffs, on behalf of the Classes, pray for relief as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and the Classes as follows:

A.  An order certifying the proposed Classes; appointing Plaintiffs as the representative of the Classes; and appointing Plaintiffs' undersigned counsel as counsel for the Classes;

B.  A declaration that Defendant is financially responsible for notifying the members of the Classes of the pendency of this suit;

C.  An order requiring proper, complete, and accurate labeling of the Products;

D.  An award of restitution pursuant to California Business and Professions Code §§ 17203 and 17535 for members of the Class;

E.  An award of disgorgement pursuant to California Business and Professions Code §§ 17203 and 17535 for members of the Class;

F.   An order enjoining Defendant's unlawful and deceptive acts and practices, pursuant to California Business and Professions Code §§ 17203 and 17535, to remove and/or refrain from using representations on Defendant's Products that the Products' capacity is greater than it really is;

G.   Equitable relief pursuant to California Civil Code § 1780;

H.    Injunctive relief for members of the New York Subclass pursuant to GBL §§ 349 and 350, without limitation;

I.   Monetary damages, injunctive relief, and statutory damages in the maximum amount provided by law;

J.   Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

K.   An order awarding Plaintiffs and the other members of the Classes the reasonable costs and expenses of suit, including their attorneys' fees; and

L.   Any further relief that the Court may deem appropriate.

**<u>JURY TRIAL DEMANDED</u>**

Plaintiffs demand a trial by jury for all claims so triable.

Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

DATED:  November 14, 2018          By:   _/s/ D. Greg Blankinship_
                                              D. Greg Blankinship

D. Greg Blankinship (*pro hac vice* forthcoming)
Jean Sedlak (SBN 267659)
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
gblankinship@fbfglaw.com
jsedlak@fbfglaw.com

DATED:  November 14, 2018          **KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Laurence D. King*
            Laurence D. King

Laurence D. King
Mario M. Choi
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiffs*


## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of November, 2018, at San Francisco, California.

*s/ Laurence D. King*
LAURENCE D. KING

CLASS ACTION COMPLAINT