| | |
|---|---|
| KAPLAN FOX & KILSHEIMER LLP<br>Laurence D. King (SBN 206423)<br>*lking@kaplanfox.com*<br>Mario M. Choi (SBN 243409)<br>*mchoi@kaplanfox.com*<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94116<br>Telephone: (415) 772-4700<br>Facsimile: (415) 772- 4707<br><br>FINKELSTEIN, BLANKINSHIP,<br>FREI-PEARSON & GARBER, LLP<br>D. Greg Blankinship (*pro hac vice*)<br>*gblankinship@fbfglaw.com*<br>445 Hamilton Ave, Suite 605<br>White Plains, New York 10601<br>Telephone: (914) 298-3290<br>Facsimile: (914) 522-5561<br><br>*Attorneys for Plaintiffs* | GCA LAW PARTNERS LLP<br>Kimberly A. Donovan (SBN 160729)<br>*kdonovan@gcalaw.com*<br>Robert Andris (SBN 130290)<br>*randris@gcalaw.com*<br>Valerie M. Wagner (SBN 173146)<br>*vwagner@gcalaw.com*<br>2570 W. El Camino Real, Suite 400<br>Mountain View, CA 94040<br>Telephone: (650) 428-3900<br>Facsimile: (650) 428-3901<br><br>*Attorneys for Defendant* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INES BURGOS and MONGKOL MAHAVONGTRAKUL, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNVALLEYTEK INTERNATIONAL, INC.,<br><br>Defendant. | Case Number: 4:18-cv-06910-HSG<br><br>**STIPULATION AND ORDER REQUESTING EXTENSION OF DEADLINE TO CONDUCT FACT DISCOVERY** (as modified) |

| | |
|---|---|
| 1 | Pursuant to the Standing Order For Civil Cases Before District Judge Haywood S. Gilliam, Jr., Plaintiffs Ines Burgos and Mongkol Mahavongrakul ("Plaintiffs") and Defendant Sunvalleytek International, Inc. ("Sunvalleytek" or "Defendant") (collectively, "the Parties"), hereby jointly submit this statement and request for a two-month extension of the close of fact discovery and all other deadlines. |

## I. PROCEDURAL HISTORY AND SCHEDULING

The Court entered the Order Setting Case Schedule on February 22, 2019. Dkt. No. 29 ("Scheduling Order"). Pursuant to the Scheduling Order, fact discovery closes on December 13, 2019. *Id.* The Scheduling Order covers all dates up until the Class Certification Hearing, which is presently scheduled for May 7, 2020 at 2:00 p.m.

Since the Court issued the Scheduling Order, the Parties have engaged in diligent and good faith discovery. The Parties nevertheless anticipate that they will require an additional two months to complete fact discovery. In particular, discovery will need to be obtained from Amazon.com, Inc. ("Amazon") (where the vast majority of Defendant's sales occur), documents and information are being obtained from entities in China, and the Parties are negotiating and finalizing a stipulation in order to reduce issues to be addressed by the Court and eliminate the need for certain discovery. Although Plaintiff has already taken a deposition, both parties need to take additional depositions and Plaintiff will not be able to take further depositions of Defendant's personnel until after Defendant completes its forthcoming ESI production and until documents have been received from Amazon, as further discussed below. Therefore, the Parties have agreed to and jointly request that the Court grant a two-month extension of deadlines.

## II. GOOD CAUSE EXISTS TO EXTEND THE FACT DISCOVERY DEADLINE

Rule 16 of the Federal Rules of Civil Procedure provides that deadlines established in a case management order may "be modified only for good cause." "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Here, good cause exists to amend the current schedule. The Parties have been diligent in pursuing discovery. Both parties have issued interrogatories and requests for production, and both parties produced documents and have worked together to proceed with discovery. The Parties agreed on a protective order and an ESI protocol. The Parties recognized certain challenges with discovery, since many relevant documents relating to the products at issue are located in China and/or are in the hands of third parties, including Amazon. The Parties explored a variety of methods to try to address these challenges. They met and conferred, pursued cooperative production of some documents in the hands of third parties, and utilized other agreed upon other methods to resolve disputes. In order to address certain issues, the Parties negotiated and agreed upon terms of a stipulation that will ultimately narrow the issues to be addressed by the Court and reduce the scope of discovery required, particularly by removing the need for production of a wide range of technical documents located in China, including in the hands of third parties. Defendant is still in the process of compiling and producing cost related documents, some of which require production of documents from entities in China.

Electronically stored documents have also posed a number of challenges. Even though the Defendant's custodians of the emails the Parties have agreed would be searched are located in the United States, the administrators for many of those email accounts are located in China. The Parties have agreed upon approximately forty ESI custodians whose files and data will be searched and agreed upon ESI search terms to be applied to those accounts. Defendant has worked with an ESI vendor. The vendor has pulled data from the custodians, and it is working on application of the search terms to the data in order to provide the emails. Due to the volume of emails, the Parties anticipate they will need to work together to potentially modify searches and potentially customize them within certain very voluminous accounts in order to have reasonably reviewable results. The Parties are pursuing that process.

The Parties have also encountered a number of challenges in obtaining electronic or otherwise usable copies of the Amazon listings for the numerous products involved in this matter, as well as the consumer reviews, questions, and answers displayed on the Amazon website for Defendant's products. Defendant estimates that well over 95% of its power bank products at issue

in this case are sold via Amazon.com. Defendant's ESI vendor thought it could write a script to obtain electronic copies of the landing pages and other information associated with Defendant's power bank products, but the vendor was not able to do so. Several other methods were explored but turned out to be unproductive and/or in violation of Amazon's seller agreements. Defendant ended up producing what it could and then serving a subpoena on Amazon.com to obtain the information that both parties need in order to pursue this case. Defendant is attempting to address the subpoena with Amazon but it is not clear when those records will be received or the format in which they will be provided.

Although Plaintiffs have taken a Rule 30(b)(6) deposition in which they explored some areas, Plaintiffs need to receive ESI, specifically including the emails, the information described above from Amazon.com, and all of the remaining cost related information in order to determine the remaining depositions to be taken in this case.

Despite the Parties having been diligent, however, it is clear that they will not be able to complete fact discovery by the December 13 deadline and, in turn, will not be able to adequately prepare for expert discovery and class certification briefing without a short extension of those dates.

**III.    REQUESTED EXTENSION**

The Parties respectfully request that the Court extend the following case deadlines as follows:

| ACTION/EVENT | CURRENT DATE | REQUESTED DATE |
|---|---|---|
| Factual Discovery Deadline: | December 13, 2019 | February 13, 2019 |
| Motion for Class Certification Due: | January 17, 2020 | March 17, 2020 |
| Initial Expert Disclosures Due: | January 17, 2020 | March 17, 2020 |
| Deadline to Depose Plaintiffs' Experts: | January 31, 2020 | March 31, 2020 |
| Opposition to Class Certification Due: | March 6, 2020 | May 6, 2020 |
| Defendant's Expert Disclosures Due: | March 6, 2020 | May 6, 2020 |
| Deadline to Depose Defendant's Experts: | March 20, 2020 | May 20, 2020 |
| Class Certification Reply Brief Due: | April 3, 2020 | June 3, 2020 |
| Class Certification Hearing: | May 7, 2020 at 2:00 p.m. | July 9, 2020 at 2:00 p.m. |

/ / /

/ / /

| | | |
|---|---|---|
| 1 | **IT IS SO STIPULATED**, through Counsel of Record. | |
| 2 | DATED: November 18, 2019 | **KAPLAN FOX & KILSHEIMER LLP** |
| 3 | | By:   /s/ *Mario M Choi* |
| 4 | |         Mario M. Choi |
| 5 | | Laurence D. King (SBN 206423) |
| | | *lking@kaplanfox.com* |
| 6 | | Mario M. Choi (SBN 243409) |
| | | *mchoi@kaplanfox.com* |
| 7 | | 350 Sansome Street, Suite 400 |
| | | San Francisco, CA 94116 |
| 8 | | Telephone: (415) 772-4700 |
| | | Facsimile: (415) 772- 4707 |
| 9 | DATED: November 18, 2019 | **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP** |
| 10 | | |
| 11 | | By:   /s/ *D. Greg Blankinship* |
| | |         D. Greg Blankinship |
| 12 | | D. Greg Blankinship (*pro hac vice*) |
| 13 | | *gblankinship@fbfglaw.com* |
| | | 445 Hamilton Ave, Suite 605 |
| 14 | | White Plains, New York 10601 |
| | | Telephone: (914) 298-3290 |
| 15 | | Facsimile: (914) 522-5561 |
| 16 | | *Attorneys for Plaintiffs* |
| 17 | DATED: November 18, 2019 | **GCA LAW PARTNERS, LLP** |
| 18 | | By:   /s/ *Kimberly A. Donovan* |
| | |         Kimberly A. Donovan |
| 19 | | |
| 20 | | Kimberly A. Donovan (SBN 160729) |
| | | *kdonovan@gcalaw.com* |
| 21 | | Robert Andris (SBN 130290) |
| | | *randris@gcalaw.com* |
| 22 | | Valerie M. Wagner (SBN. 173146) |
| | | *vwagner@gcalaw.com* |
| 23 | | 2570 W. El Camino Real, Suite 400 |
| | | Mountain View, CA 94040 |
| 24 | | Telephone: (650) 428-3900 |
| | | Facsimile: (650) 428-3901 |
| 25 | | *Attorneys for Defendant* |

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Mario M. Choi, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of November 2019, at San Francisco, California.

          /s/ *Mario M. Choi*
              Mario M. Choi

# **ORDER**

IT IS HEREBY ORDERED that Plaintiffs Ines Burgos and Mongkol Mahavongrakul ("Plaintiffs") and Defendant Sunvalleytek International, Inc's. ("Sunvalleytek" or "Defendant") (collectively, "the Parties"), request for a two-month extension of the close of fact discovery and all other deadlines is GRANTED. Accordingly, the following scheduling dates are amended:

| ACTION/EVENT | NEW DATE |
| --- | --- |
| Factual Discovery Deadline: | February 13, 2020 |
| Motion for Class Certification Due: | March 17, 2020 |
| Initial Expert Disclosures Due: | March 17, 2020 |
| Deadline to Depose Plaintiffs' Experts: | March 31, 2020 |
| Opposition to Class Certification Due: | May 6, 2020 |
| Defendant's Expert Disclosures Due: | May 6, 2020 |
| Deadline to Depose Defendant's Experts: | May 20, 2020 |
| Class Certification Reply Brief Due: | June 3, 2020 |
| Class Certification Hearing: | July 9, 2020 at 2:00 p.m. |

SO ORDERED.

DATED: 11/20/2019

_____
Honorable Haywood S. Gilliam, Jr.
United States District Judge