**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

INES BURGOS and MONGKOL
MAHAVONGTRAKUL, individually and on
behalf of other similarly situated individuals,

    Plaintiff,

  vs.

SUNVALLEYTEK INTERNATIONAL,
INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: 4:18-cv-06910-HSG

The Hon. Haywood S. Gilliam

**DECLARATION OF D. GREG BLANKINSHIP IN SUPPORT**
**OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT, ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARDS**

## DECLARATION OF D. GREG BLANKINSHIP

I, D. Greg Blankinship, declare pursuant under penalty of perjury to 28 U.S.C. § 1746 that the foregoing is true and correct:

1.      I am a partner at the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), counsel for plaintiffs Ines Burgos and Mongkol Mahavongtrakul ("Plaintiffs") and, together with co-counsel Laurence D. King and Mario M. Choi of Kaplan Fox and Kilsheimer LLP and Sam Strauss of Turke and Strauss LLP, respectfully submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Service Awards (the "Motion").

### Background of the Litigation and Settlement Discussions

2.      This action alleges that Sunvalleytek International, Inc. ("Sunvalleytek" or "Defendant") engages in false labeling, marking, and advertising by misrepresenting the charging capabilities of the power banks it manufactures, markets, and distributes for sale nationwide under the RAVPower label ("Power Banks").   Consumers use these Power Banks to charge their personal electronic devices ("PEDs"), such as laptops, tablets, and cellphones.

3.      Defendant produced sales data indicating that it sold thousands of Power Banks to thousands of consumers throughout the United States. Photos of several of the Power Banks and their Amazon.com listings are attached as Exhibit 5.  The sales data reflects that the vast majority of Defendant's Power Banks are sold on Amazon.com.

4.      Before initiating this action, Plaintiffs exhaustively investigated the viability of the claims against Defendant, identified the relevant products, and obtained copies of allegedly false and misleading product labels and advertisements.

5.      Plaintiffs also retained a skilled and experienced testing company to test the capacity of the Power Banks.  The results showed that the Power Banks were indeed incapable of delivering the amount of mAh advertised on their packaging, and contained in their marketing materials, including Amazon.com listings and user specification.

6.      Plaintiffs and Defendant also engaged in significant discovery, serving and responding to requests for production of documents, requests for admission, and

interrogatories.  Plaintiffs also deposed a corporate representative of Defendant, Mr. Allen Fung, the General Manager of North America for Sunvalleytek, pursuant to Federal Rule of Civil Procedure 30(b)(6).

7.     Discovery confirmed that, instead of basing its mAh representations on the mAh its Power Banks can deliver to charge PEDs, Defendant bases its mAh representations on the total internal battery cells contained within a Power Bank, not the amount of mAh that can be used to recharge PEDs.

8.     During Plaintiff's Rule 30(b)(6) deposition, Allen Fung acknowledged that all the RavPower Power Banks had similar packaging, including representations regarding their respective mAh capacities, Deposition of Allen Fung, "Fung Dep.," 66:11-67:7, and that these representations do not reflect the amount of mAh actually available to for consumers to use to recharge their PEDs:

> [Q]: If we were to measure the amount of the milliampere hours that the power bank itself, with the batteries and all the other electronics that are in the power bank, do you know whether, if we were to measure that output, if it would be the same as the capacity that it's labeled?
> MS. DONOVAN: Objection.  Calls for expert testimony.  Vague and ambiguous.
> THE WITNESS: There are a lot of different factors that determine what the actual output is.
> Q. (By Mr. Blankinship) Okay.
> A. There's a lot of external conditions.
> Q. Okay.  Like, what kind of external conditions affect --
> MS. DONOVAN: Objection.  Calls for expert testimony.
> Q: THE WITNESS: Right.  It -- I'm not an expert, but, for example, the temperature, the length of the cable, the phone that you're using --
> Q. (By Mr. Blankinship) Um-hum.
> A. -- the age of the battery on the phone that you're using. There's a lot of different factors that determine how much power you may actually receive.
> Q. What about factors -- does the -- a power bank is more than just the batteries; right?  It's the other mechanical -- there are other mechanical or electronic devices inside the power bank; correct?
> A. Yes.
> Q. And those other mechanical and electronic devices, the parts, those use power themselves, don't they?
> MS. DONOVAN: Objection.  Calls for expert testimony.
> THE WITNESS: I would believe so, but I'm not sure exactly on the circuitry of the power bank.

Fung Dep. 121:1-122:12.

9.      On July 9, 2019, the Parties engaged in a full-day mediation session before Mark LaHocky.  In preparation for the mediation, Plaintiffs retained an expert, Dr. Michael Pecht, a Professor in Mechanical Engineering and a Professor in Applied Mathematics, Statistics and Scientific Computation at the University of Maryland.

10.     For months after the mediation, the Parties continued conducting discovery and preparing for an eventual trial.  *See* Dkt. No. 22 Joint Case Management Statement, filed February 5, 2019; Dkt. No. 40, Stipulation With Proposed Order Requesting Extension of Deadline to Conduct Fact Discovery, filed November 19, 2019.

11.     It was only after conducting extensive discovery and extended arm's length negotiations that the Parties agreed to a settlement.  The Parties then separately negotiated and reached an agreement concerning attorneys' fees, litigation expenses, and service award payments to Plaintiffs.  The Parties formalized the settlement on **ADD**, 2020.  *See* Class Action Settlement Agreement, attached hereto as Exhibit 1.

12.     During the entire litigation process, Plaintiffs have been actively prosecuting their claims in the interests of the Class.  They have demonstrated an understanding of both the basis of the claims and the role of class representatives.  They have responded to written discovery requests and produced documents relating to their purchases of Defendant's products.  Plaintiffs have also conferred with Class Counsel concerning the status of the case, the Complaint and amendment thereto, discovery responses, and the settlement.

### FBFG Has Experienced Consumer Class Action Attorneys

13.     FBFG will fairly and adequately represent the interests of all class members. FBFG has a proven track record of zealously and successfully advancing the interests of class members in consumer class actions.

14.     FBFG has more than sufficient resources to represent the class.  FBFG's attorneys are highly qualified and have extensive experience in complex civil litigation and consumer class actions, including cases alleging false and deceptive advertising.  We understand the duties

imposed upon class counsel in consumer class actions and have proven adept at all phases of litigation, from discovery and motion practice to trial and appeal or settlement.

15. FBFG's partners have been recognized as "Super Lawyers" and have been selected by their peers as amongst the New York area's "Best Lawyers." The firm's lawyers have been selected for admission to the Top Trial Lawyers in America™ and to the Litigation Counsel of America's Trial Lawyer Honorary Society, as well as inducted as Fellows in the American Bar Foundation.

16. FBFG attorneys have successfully litigated complex class actions in federal and state courts across the country, including other cases involving misrepresentations by Power Bank manufacturers and have obtained successful results for clients against some of the world's largest corporations. FBFG attorneys have also been appointed class counsel numerous times. A sampling of the Firm's more significant past and present cases can be found in the Firm's Resume, a copy of which is attached hereto as Exhibit 2.

17. FBFG attorneys have the requisite knowledge of the substantive and procedural law to prosecute this class action. FBFG has committed its resources to the vigorous litigation of this case, has identified appropriate claims, and has aggressively pursued discovery to establish the evidence necessary to obtain class certification and to prevail on the merits.

**Attorneys' Fees and Costs**

18. From inception through February 26, 2020, FBFG attorneys expended the following number of hours at the following hourly rates, in performing legal services on behalf of Plaintiffs:

| Attorney | Year of Graduation | Billing Rate | Total Hours | Lodestar |
|---|---|---|---|---|
| D. Greg Blankinship (partner) | 2002 | $850 | 183.7 | $156,145 |
| Jean Sedlak (associate) | 2009 | $560 | 116.4 | $65,184 |
| Sara Bonaiuto (associate) | 2018 | $300 | 111.1 | $33.330 |
| Scott Terrell (associate) | 2013 | $450 | 125.85 | $56,632.50 |

4

| Evelyn Ozuna (paralegal) | N/A | $190 | 9 | $1,710 |
| --- | --- | --- | --- | --- |

<u>Total</u>: $313,001.50

19.     The Firm litigated as efficiently as possible.  The case was leanly staffed, with invariably only a partner and associate actively working on a matter (Jean Sedlak and Sara Bonaiuto are no longer with the Firm).  The Firm also factored in potential inefficiencies, cutting 20 hours for which timekeepers actually billed.

20.     Based on my knowledge and experience, the rates charged by FBFG attorneys are within the range of rates normally and customarily charged of similar qualifications and experience in cases of this kind practicing in Northern California.

21.     In my judgment, and based on my years of experience, the number of hours expended and the services performed by FBFG attorneys and paraprofessionals were reasonable and expended for the benefit of Plaintiffs in these actions.

22.     The total number of hours spent by each of the above attorneys rendering services through the date of this declaration, multiplied by his or her individual rate per hour, equals $313,001.50.

23.     FBFG also incurred expenses in the amount of $20,084 as of May 6, 2020. These expenses include: travel, court fees, services fees, mediation fees, computer research, and other case-related expenses that commonly benefitted Plaintiffs.   All these expenses were necessary and reasonable, and typical of expenses that courts approve for reimbursement. Moreover, having accepted the case on contingency basis, Class Counsel made a concerted effort to avoid unnecessary expenses and economized where possible.

24.     FBFG is a modestly sized firm comprising eleven attorneys.  As a result, the time spent litigating against Defendant in the hope of eventually obtaining a settlement, and a fee for Class Counsel, was a significant commitment of the Firm's resources.  FBFG spent very substantial time litigating this case that it could not spend on other matters.

25.     Moreover, because it is modestly sized, the Firm carefully screens its class action contingency matters to enhance its likelihood of success.  Even then, there was absolutely no

assurance that the extraordinary commitment of time and effort devoted to these actions would result in the payment of any fee at all.

## **Exhibits**

26.     True and correct copies of the following are attached:

1.      Exhibit 1 - The Settlement Agreement

2.      Exhibit 2 - Firm Resume;

3.      Exhibit 3 - Itemized List of Expenses;

4.      Exhibit 4 – Attorney Time By Task;

5.      Exhibit 5 – Images of Power Banks.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2020 in White Plains, New York.

*s/ D. Greg Blankinship*
D. GREG BLANKINSHIP

FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
D. Greg Blankinship (*pro hac vice*)
One North Broadway, Suite 900
White Plains, New York 10601
gblankinship@fbfglaw.com
Telephone: (914) 298-3290
Facsimile: (914) 522-5561

6

# Exhibit 1

KAPLAN FOX & KILSHEIMER LLP
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
lking@kaplanfox.com
mchoi@kaplanfox.com
Telephone: (415) 772-4700 Facsimile: (415) 772- 4707
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP D. Greg Blankinship (*pro hac vice*) One North Broadway, Suite 900 White Plains, New York 10601
gblankinship@fbfglaw.com
Telephone: (914) 298-3290 Facsimile: (914) 522-5561

*Attorneys for Plaintiffs*

GCA LAW PARTNERS LLP
KIMBERLY A. DONOVAN (SBN 160729)
ROBERT ANDRIS (SBN 130290)
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
kdonovan@gcalaw.com
randris@gcalaw.com
Telephone: (650) 428-3900
Facsimile: (650) 428-3901

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| INES BURGOS and MONGKOL MAHAVONGTRAKUL, individually and on behalf of other similarly situated individuals, <br><br> Plaintiff, <br><br> vs. <br><br> SUNVALLEYTEK INTERNATIONAL, INC., <br><br> Defendant. | Case Number: 4:18-cv-06910-HSG <br><br> The Hon. Haywood S. Gilliam |

This Settlement Agreement ("Agreement") is entered into by and among plaintiffs Ines Burgos ("Ms. Burgos") and Mongkol Mahavonktrakul ("Mr. M.") (collectively, "Plaintiffs") and Defendant Sunvalleytek International, Inc. ("Sunvalleytek" or "Defendant"), and resolves in full this Action. Capitalized terms

used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement.  Subject to Court approval as required by the applicable Federal Rules of Civil Procedure, and as provided herein, Plaintiffs and Defendant (collectively, "the Parties") hereby stipulate and agree that, in consideration for the promises and covenants set forth in the Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, this Action shall be settled and compromised upon the terms and conditions contained herein.

## I.    **<u>RECITALS</u>**

A.    WHEREAS, on November 14, 2018 Plaintiffs filed a class action complaint against Defendant asserting violations of the California Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 ("CLRA"); violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210; violations of the New York General Business Law New York ("GBL") §§ 349, 350; violations of materially identical state consumer protection statutes; breach of express warranty; and unjust enrichment regarding Defendant's manufacturing, marketing, and distributing for sale nationwide to consumers a number of Power Banks under the RAVPower label (the "Products").  On January 11, 2019, Defendant answered the complaint, denying the material allegations contained therein.  Subsequently, on February 1, 2019, Plaintiffs filed an amended class action complaint ("FAC"), alleging the same claims, and on February 15, 2019, Defendant answered the FAC.

B.    WHEREAS, the Parties have reached the resolution set forth in this Agreement, providing for, among other things, the settlement of the Action between and among Plaintiffs and Defendant on the terms and subject to the conditions set forth below; and

C.    WHEREAS, Plaintiffs have determined that a settlement of this Action on the terms reflected in this Agreement is fair, reasonable, and adequate; and

D.      WHEREAS, Defendant, to avoid the costs, disruption, and distraction of further litigation, and without admitting the truth of any allegations made in the Action, or any liability with respect thereto, has concluded that it is desirable that the claims against it be settled and dismissed on the terms reflected in this Agreement.

E. WHEREAS, Class members other than the named plaintiffs will not be bound by the agreement in any way, and the Agreement expressly preserves the rights of the class to bring claims for monetary relief.

NOW, THEREFORE, this Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and in consideration of the mutual promises, covenants, and agreements contained herein and for value received, the Parties agree that: (1) upon the Effective Date, the Action and all Released Claims shall be settled and compromised as between Plaintiffs and Defendant; and (2) upon final approval of the Agreement by the Court, a Final Judgment and Order Approving Settlement shall be entered dismissing the Action with prejudice and releasing all Released Claims against the Released Parties.

## II.   **DEFINITIONS**

A.      As used in this Agreement and the attached exhibits (which are an integral part of the Agreement and are incorporated in their entirety by reference), the following terms shall have the meanings set forth below, unless this Agreement specifically provides otherwise:

1.      "Action" means *Burgos, et al., v. Sunvalleytek*, No. cv 18-06910 HSG (N.D.CA).

2.      "Agreement" means this Settlement Agreement (including all exhibits attached hereto).

3.      "Attorneys' Fees and Expenses" means such attorneys' fees and expenses as may be awarded by the Court to compensate Class Counsel (subject to Court approval), as described more particularly in Section VII of this Agreement.

4. "Class Counsel" means D. Gregory Blankinship of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Mario M. Choi and Laurence D. King of Kaplan Fox & Kilsheimer LLP.

5. "Class Representatives" means Plaintiffs.

6. "Court" means the U.S. District Court for the Northern District of California, in which the Action was filed and where the parties will seek approval of the Settlement.

7. "Covered Products" means any size of any of the Power Banks designed for the primary purpose of use for portable charging of mobile phones, such devices consisting of a battery cell or cells, enclosed in a casing.

8. "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. All calculations of days and times may be adjusted with the consent of all parties to permit compliance by Defendant with the Class Action Fairness Act, 28 U.S.C. §§ 1711-1715, including the notifications of appropriate regulators under 28 U.S.C. §1715(b) and expiration of the 90-day review period in 28 U.S.C. § 1715 before the Final Approval Hearing is held to review and approve the Agreement.

9. "Effective Date" means:

(a) if no appeal is taken from the Final Judgment and Order Approving Settlement, thirty (30) Days after the Court enters the Final Judgment and Order Approving Settlement; or

(b) if an appeal is taken from the Final Judgment and Order Approving Settlement, the date on which all appellate rights

4

(including petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for certiorari or any other form of review, and proceedings in the United States Supreme Court or any other appellate court) have expired, been exhausted, or been finally disposed of in a manner that affirms the Final Judgment and Order Approving Settlement.  No appeal may be taken unless the Court issues an order or enters a judgment that materially differs from the Agreement.

10.     "Final Approval Hearing" means the hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Agreement and to determine the Attorneys' Fees and Expenses and any Service Awards.  The Parties shall request the Court set the Final Approval Hearing no earlier than ninety (90) Days after the Notice Date.

11.     "Final Judgment and Order Approving Settlement" means the Final Judgment and Order Approving Settlement to be entered by the Court to be submitted by the Parties, substantially in the form of Exhibit 1:

    a.  approving the Settlement as fair, adequate, and reasonable;

    b.  confirming the certification of the Settlement Class;

    c.  dismissing the Action with prejudice;

    d.  discharging the Released Parties of and from all further liability for the Released Claims;

    e.  permanently barring and enjoining the Releasing Parties from instituting, filing, commencing, prosecuting, maintaining, continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of them, or in any other capacity of any kind whatsoever, any action in any state court, any federal court, before any regulatory authority, or in any other tribunal, forum, or proceeding of

any kind against the Released Parties that asserts any Released Claims;

f.  expressly preserving the rights of the class, other than the Releasing Parties, to bring claims for monetary relief;  and

g.  issuing such other findings and determinations as the Court and/or the Parties deem necessary and appropriate to implement the Agreement.

12.    "Motion for Approval of Settlement" means the motion, to be filed by Plaintiffs, and not opposed by Defendant, for Approval of this Agreement and all supporting papers/exhibits attached thereto.

13.    "Released Claim(s)" and "Released Parties" mean those claims and parties released of liability under Section VI.

14.    "Service Award(s)" means the payment, subject to Court approval, of  Five Thousand Dollars ($5,000) each, to Plaintiffs Ines Burgos and Mongkol Mahavongtrakul.

15.    "Sunvalleytek's Counsel" or "Defendant's Counsel" means Kimberly Donovan and Robert Andris of GCA Law Partners.

B.    Other capitalized terms in this Agreement, but not specifically defined in Section II(A), shall have the meanings ascribed to them elsewhere in this Agreement.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS FOR SETTLEMENT PURPOSES AND DISMISSAL OF ACTIONS.

A.  The Parties stipulate and agree to (a) certification of the Action as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure solely for purposes of the Settlement and for no other purposes; (b) appointment of Plaintiffs as Class Representatives solely for purposes of the Settlement and for no other purposes; and (c) appointment of Class Counsel solely for purposes of the Settlement and for no other purposes pursuant to Rule 23(g) of the Federal Rules of Civil

Procedure.

Any certification of this Action pursuant to the terms of this Settlement shall not constitute, and shall not be construed as, an admission on the part of Defendant that the Action is appropriate for class treatment, in whole or in part, pursuant to the Federal Rules of Civil Procedure.  This Settlement is without prejudice to the rights of Defendant to oppose certification of the Settlement Class should this Settlement not be approved or if it is terminated pursuant to the terms of this Agreement, and without prejudice to the rights of Defendant as it relates to the certified classes or any other class certification proceedings, whether pending now or in the future.

B.  Upon approval of the Settlement by the Court, the Final Judgment and Order Approving Settlement substantially in the form agreed by the Parties, providing for the dismissal of the Action with prejudice, will be entered by the Court.

## IV.   SETTLEMENT RELIEF (INJUNCTIVE)

A.  As part of the consideration for this Agreement, Sunvalleytek agrees to

1. Change the product label to say the words "battery capacity" in conjunction with the mAh number (where the mAh number is the sum of the nominal rated capacity of the internal battery cells of the Power Bank)

2. Change the user guide specifications to say the words "battery capacity" in conjunction with the mAh number (where the mAh number is the sum of the nominal rated capacity of the internal battery cells of the Power Bank)

3. Change the product description in the Amazon listings to convey that the specified mAh is the sum or total of the nominal rated capacity of the internal battery cells; and

4. Change the Amazon listing the bullet points to say "xxxx mAh internal battery capacity" or "internal battery capacity xxxx mAh" (where xxxx represents the number that is the sum of the nominal

7

rated capacity of the internal battery cells in the power banks.)

B.     Nothing in this Agreement shall preclude Sunvalleytek from making further changes to any of its product labels or marketing: (1) that Sunvalleytek reasonably believes are necessary to comply with the National Advertising Division's rules, guidelines, or decisions, or any other statute, regulation, or other law of any kind; (2) that are permitted by product changes or additional testing or development work and/or to ensure Sunvalleytek provides accurate product descriptions; or (3) that are more detailed than those required by this Agreement.

## V.     **RELEASES**

A.     The Agreement shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties.  No Released Party shall be subject to liability of any kind to any Releasing Party with respect to any Released Claim.  Upon the Effective Date, and subject to fulfillment of all the terms of this Agreement, the Releasing Parties shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum.

B.     The following terms have the meanings set forth herein:

1.     "Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature that could reasonably have been, or in the future might reasonably be asserted by, Plaintiffs or Defendant, either in the Action or in any action or proceeding in this Court or in any other court or forum, against the Released Parties, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to legal claims made by Plaintiffs out of or relating to the allegations in the Action or Defendant's labeling, marketing, advertising, packaging, promotion, manufacture, sale, and distribution of all Covered Products as alleged in the Action. For avoidance of doubt, this includes, all such claims that relate in any way to this Action or the capacity of internal cells of the batteries as

measured in mAh, statements that were or are contained on the Covered Products or otherwise relate to the labeling, marketing, advertising, packaging, promotion, manufacture, sale, and distribution of the Covered Products with respect to capacity in conjunction with mAh, including future identical statements about Covered Products, which have been asserted or which could reasonably have been asserted by the Releasing Parties in the Action, including but not limited to claims alleging any type of bad faith, frivolous or vexatious litigation, fraud, misrepresentation, breach of warranty, unjust enrichment, or unfair trade practice under any state or federal law (including all claims for injunctive or equitable relief), but not including claims for personal injury or attorney's fees or costs (other than the attorney's fees and costs the Court may award pursuant to this Settlement).

   2. "Released Parties" means Plaintiffs and Sunvalleytek, including all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, subrogees, and assigns. It is expressly understood that, to the extent a Released Party is not a Party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

   3. "Releasing Parties" means Plaintiffs Ines Burgos and Mongkol Mahavongtrakul and Sunvalleytek

  C. On the Effective Date, each Releasing Party shall be deemed to have released and forever discharged each of the Released Parties of and from any and all liability for any and all Released Claims.

  D. With respect to any and all Released Claims, and upon the Effective Date without further action, for good and valuable consideration, Plaintiffs and Sunvalleytek shall fully, finally, and forever expressly waive and relinquish with respect to the Released Claims, any and all provisions, rights, and benefits of Section

1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

E.     On the Effective Date, each of the Released Parties shall be deemed to have released and forever discharged each of the Releasing Parties and their respective counsel, for all Released Claims, except to enforce terms and conditions contained in this Agreement.

F.     Absent class members or members of the putative class or the settlement class shall not release any claims, and are not bound in any way, under this Settlement.

G.     The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties and the Settlement Class Members to interpret and enforce the terms, conditions, and obligations under the Agreement.

## VI.   ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' SERVICE AWARDS.

A.     Any award by the Court of Attorneys' Fees and Expenses and Plaintiffs' Service Awards will be paid by Defendant.

B.     Class Counsel shall make an application for an award of Attorneys' Fees for work on this case (not to include any work on any related cases) not exceeding $315,000.  Defendant may oppose that application except that it shall not

propose to pay an amount less than $45,000.

C.    Class Counsel shall make an application for an award of Expenses that does not exceed $20,000.  Expenses shall be costs actually incurred and paid in relation to this case.  Defendant may not oppose that application.

D.    The Attorneys' Fees and Expenses awarded by the Court shall be paid to Class Counsel within thirty (30) Days after the Effective Date.

E.    Class Counsel shall make an application for Plaintiffs' Service Awards in the amount of Five Thousand Dollars ($5,000.00) to each of the Plaintiffs, which Defendant will not oppose.  Defendant will pay the Settlement Award within thirty (30) Days of the Effective Date.

## VII.   FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT.

This Agreement is subject to and conditioned upon the issuance by the Court of the Final Judgment and Order Approving Settlement that finally certifies the Settlement Class for the purposes of this Settlement, grants final approval of the Agreement, and provides the relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder. So long as the Court approves the material terms of this Agreement, all Parties are bound by the Agreement.

## VIII.    REPRESENTATIONS AND WARRANTIES.

A.    Sunvalleytek represents and warrants: (1) that it has the requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby; (2) that the execution, delivery, and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Sunvalleytek; and (3) that the Agreement has been duly and validly executed and delivered by Sunvalleytek and constitutes its legal, valid, and binding obligation.

B.     Plaintiffs represent and warrant that they are entering into the Agreement on behalf of themselves individually, of their own free will, and without the receipt of any consideration other than what is provided in the Agreement or disclosed to, and authorized by, the Court.  Plaintiffs represent and warrant that they have reviewed the terms of the Agreement in consultation with Class Counsel and believe them to be fair and reasonable.  Class Counsel represent and warrant that they are fully authorized to execute the Agreement on behalf of Plaintiffs.

C.     The Parties warrant and represent that no promise, inducement, or consideration for the Agreement has been made, except those set forth herein.  No consideration, amount, or sum paid, accredited, offered, or expended by Sunvalleytek in its performance of this Agreement constitutes a fine, penalty, punitive damage, or other form of assessment for any claim against it.

## IX.   **NO ADMISSIONS, NO USE.**

The Agreement and every stipulation and term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only, pursuant to Federal Rule of Evidence 408.  Whether or not consummated, this Agreement shall not be: (a) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission by Plaintiffs, Sunvalleytek, any Settlement Class Member or Releasing or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing, or otherwise of such Party; or (b) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission of any liability, fault, or wrongdoing, or in any way referred to for any other reason, by Plaintiffs, Defendant, any Releasing Party or Released Party in the Action or in any other civil, criminal, or administrative action or proceeding other than such

proceedings as may be necessary to effectuate the provisions of the Agreement.

## X.      TERMINATION OF THIS AGREEMENT.

A.      Either Party may terminate this Agreement by providing written notice to the other Party within ten (10) Days of the occurrence of any of the following:

1.      The Court does not enter an Order conforming in all material respects to Exhibit 1 hereto, and/or the Parties are required to make a change to the Settlement Agreement that either Party deems material.

2.      The Court does not certify the Action under Rule 23(b)(2) for settlement purposes as defined herein or the Court's Order is reversed, vacated, or modified in any material respect by another court; or

3.      The Court does not enter the Final Judgment and Order Approving Settlement in all material respects as defined herein and in the form agreed by the Parties, or, if entered, such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by another court before the Effective Date.

B.      It is expressly agreed that neither the failure of the Court to enter the Attorneys' Fees and Expenses Award, the Service Awards, nor the amount of any attorneys' fees and costs or incentive awards that may be finally determined and awarded, shall provide a basis for termination of this Agreement.

C.      In the event this Agreement terminates for any reason, all Parties shall be restored to their respective positions as of immediately prior to the date of execution of this Agreement.

## XI.     MISCELLANEOUS PROVISIONS.

A.      Entire Agreement: The Agreement, including all Exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the Agreement and shall supersede any previous agreements, representations, communications, and

understandings among the Parties with respect to the subject matter of the Agreement. The Agreement may not be changed, modified, or amended except in a writing signed by one of Class Counsel and one of Defendant's Counsel and, if required, approved by the Court.  The Parties contemplate that the Exhibits to the Agreement may be modified by subsequent agreement of Defendant and Class Counsel, or by the Court.  The Parties may make non-material changes to the Exhibits to the extent deemed necessary, as agreed to in writing by all Parties.

B.     Governing Law: The Agreement shall be construed under and governed by the laws of the State of California, in which the Court is located, applied without regard to laws applicable to choice of law.

C.     Execution in Counterparts: The Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Facsimile signatures or signatures scanned to PDF and sent by e-mail shall be treated as original signatures and shall be binding.

D.     Notices: Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class U.S. Mail and email to:

1. If to Plaintiffs or Class Counsel:

**KAPLAN FOX & KILSHEIMER LLP**

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94116
lking@kaplanfox.com
mchoi@kaplanfox.com
Telephone: (415) 772-4700
Facsimile: (415) 772- 4707

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**

D. Greg Blankinship (*pro hac vice*)
One North Broadway, Suite 900
White Plains, New York 10601
gblankinship@fbfglaw.com
Telephone: (914) 298-3290
Facsimile: (914) 522-5561

*Attorneys for Plaintiffs and the Class*

2. If to Defendant or its Counsel

**GCA LAW PARTNERS LLP**

KIMBERLY A. DONOVAN (SBN 160729)
ROBERT ANDRIS (SBN 130290)
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
kdonovan@gcalaw.com
randris@gcalaw.com
Telephone: (650) 428-3900
Facsimile: (650) 428-3901

*Attorneys for Defendant*

E.     Stay of Proceedings: Upon the execution of this Agreement, all discovery and other proceedings in this Action shall be stayed until further order of the Court, except for proceedings that may be necessary to implement the Agreement or comply with or effectuate the terms of this Settlement Agreement.

F.     Good Faith: The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

G.     Binding on Successors: The Agreement shall be binding upon, and inure to the benefit of, the heirs of the Released Parties.

H.     Arm's-Length Negotiations: The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement has been by mutual understanding after negotiation, with consideration by, and

participation of, the Parties hereto and their counsel. This Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Parties agree that the drafting of this Agreement has been a mutual undertaking.

I.      Waiver: The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

J.      Variance: In the event of any variance between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s).

K.      Exhibits: All Exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

L.      Implementation Before Effective Date: The Parties may agree in writing to implement the Agreement, or any portion thereof, after the entry of the Final Judgment and Order Approving Settlement, but prior to the Effective Date.

M.      Modification in Writing: This Agreement may be amended or modified only by written instrument signed by one of Class Counsel and Defendant's Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

N.      Integration: This Agreement represents the entire understanding and agreement among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings related to the subject matter of this Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or undertaking concerning any part or all the subject matter of this Agreement has been made or relied upon except as set forth expressly herein.

O.      Retain Jurisdiction: The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the agreement embodied in this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.


Dated:_____          By:_____
                                             Kimberly A. Donovan
                                             GCA Law Partners

                                             *Attorney for Sunvalleytek*
                                             *International, Inc.*




Dated:_____          By:_____




Dated:_____          By:_____
                                             D. Greg Blankinship
                                             Finkestein, Blankinship, Frei-Pearson
                                             & Garber, LLP

                                             *Attorney for Plaintiffs and for the*
                                             *Settlement Class Members*

17

Dated:_____          By:_____
                                         Laurence D. King

                                         Kaplan Fox & Kilsheimer LLP
                                         *Attorney for Plaintiffs and for the*
                                         *Settlement Class Members*


Dated:_____          By:_____
                                         Mario M. Choi

                                         Kaplan Fox & Kilsheimer LLP
                                         *Attorney for Plaintiffs and for the*
                                         *Settlement Class Members*


Dated:_____          By:_____
                                         Plaintiff Ines Burgos


Dated:_____          By:_____
                                         Plaintiff Mongkol Mahavongtrakul


Dated:_____          By:_____
                                         Alan Fung, Corporate Secretary
                                         *Signatory for Sunvalleytek*
                                         *International, Inc.*

18

*Attorney for Plaintiffs and for the Settlement Class Members*

Dated: 4/15/2020                    By: _Ines Burgos_
                                        Plaintiff Ines Burgos

Dated: _____            By: _____
                                        Plaintiff Mongkol Mahavongtrakul

Dated: _____            By: _____
                                        Alan Fung, Corporate Secretary
                                        *Signatory for Sunvalleytek International, Inc.*

*Attorney for Plaintiffs and for the*
*Settlement Class Members*


Dated:_____          By:_____
                                                           Plaintiff Ines Burgos



Dated: 4/17/2020                        By: *Mongkol Mahavongtrakul*
                                                           Plaintiff Mongkol Mahavongtrakul



Dated:_____          By:_____
                                                           Alan Fung, Corporate Secretary
                                                           *Signatory for Sunvalleytek*
                                                           *International, Inc.*

Dated:_____

By:_____
        Kimberly A. Donovan
        GCA Law Partners

        *Attorney for Sunvalleytek*
        *International, Inc.*

Dated:_____

By:_____

Dated: May 6, 2020

By:_____
        D. Greg Blankinship
        Finkestein, Blankinship, Frei-Pearson
        & Garber, LLP

        *Attorney for Plaintiffs and for the*
        *Settlement Class Members*

Dated: 5/6/2020

By:_____
        Laurence D. King

        Kaplan Fox & Kilsheimer LLP
        *Attorney for Plaintiffs and for the*
        *Settlement Class Members*

Dated:_____

By:_____
        Mario M. Choi
        Kaplan Fox & Kilsheimer LLP

16

Dated:_____

By:_____

    Kimberly A. Donovan
    GCA Law Partners

    *Attorney for Sunvalleytek*
    *International, Inc.*

Dated:_____

By:_____

Dated: *May 6, 2020*

By:_____

    D. Greg Blankinship
    Finkestein, Blankinship, Frei-Pearson
    & Garber, LLP

    *Attorney for Plaintiffs and for the*
    *Settlement Class Members*

Dated:_____

By:_____

    Laurence D. King

    Kaplan Fox & Kilsheimer LLP
    *Attorney for Plaintiffs and for the*
    *Settlement Class Members*

Dated: May 6, 2020

By:_____

    Mario M. Choi

    Kaplan Fox & Kilsheimer LLP

16

Dated:_____        By:_____
                                 Kimberly A. Donovan
                                 GCA Law Partners

                                 *Attorney for Sunvalleytek*
                                 *International, Inc.*

Dated:_____        By:_____

Dated:_____        By:_____
                                 D. Greg Blankinship
                                 Finkestein, Blankinship, Frei-Pearson
                                 & Garber, LLP

                                 *Attorney for Plaintiffs and for the*
                                 *Settlement Class Members*

Dated:_____        By:_____
                                 Laurence D. King

                                 Kaplan Fox & Kilsheimer LLP
                                 *Attorney for Plaintiffs and for the*
                                 *Settlement Class Members*

Dated:_____        By:_____
                                 Mario M. Choi

                                 Kaplan Fox & Kilsheimer LLP

*Attorney for Plaintiffs and for the*
*Settlement Class Members*

Dated:_____     By:_____
                                        Plaintiff Ines Burgos


Dated:_____     By:_____
                                        Plaintiff Mongkol Mahavongtrakul


                5/6/2020
Dated:_____     By:_____
                                        Alan Fung, Corporate Secretary
                                        *Signatory for Sunvalleytek*
                                        *International, Inc.*

17

# Exhibit 2

FBFG | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

# FIRM RESUME

{00300856 }

**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

The lawyers of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG") have successfully litigated complex class actions in federal and state courts across the country, and have obtained successful results for clients against some of the world's largest corporations. A sampling of the Firm's more significant cases includes:

- *Saint Joseph Health System Medical Information Cases*, JCCP No. 4716 (Cal. Sup. Ct.). Complex class action on behalf of approximately 31,800 patients who were victimized by a data breach. An FBFG lawyer was appointed co-lead class counsel. The Court denied Saint Joseph's demurrer and the Court of Appeals upheld that ruling. The Court certified the class and denied Saint Joseph's summary judgment motion; the Court of Appeals upheld those rulings as well. On the eve of trial the parties reached a settlement valued at approximately $39 million and the Court granted final approval of that settlement on February 3, 2016. This settlement provides the more money per capita to individual class members than any other known data breach settlement on record.

- *Castillo v. Seagate Technology LLC*, No. 16-1958 (N.D. Cal.). Class action on behalf of over 12,000 individuals victimized by a data breach. On September 19, 2016, the Court denied Seagate's motion to dismiss in part. The Court appointed an FBFG attorney as co-lead class counsel and, on March 14, 2018, finally approved settlement valued at up to $42 million.

- *Sackin v. Transperfect Global, Inc.*, No. 17-1469 (S.D.N.Y. 2017). Class action on behalf of over 4,000 individuals victimized by a data breach. On June 15, 2017, the Court entirely denied Transperfect's motion to dismiss. On March 13, 2018, the Court appointed FBFG as class counsel and preliminarily approved a settlement valued at over $40 million.

- *McLauglin v. IDT Energy* No. 14-4107 (E.D.N.Y.). Nationwide class action alleging that IDT overcharged consumers for gas and electric supply. On October 18, 2018, the Court certified the class, appointed the lawyers of FBFG as co-lead class counsel, and approved the settlement valued at over $54 million.

- *Edwards v. North American Power & Gas, LLC*, No. 14-1714 (D. Conn.). Nationwide class action alleging that North American Power charged electricity and gas rates far in excess of what it promised to charge variable rate customers. On August 2, 2018, the Court certified the class, appointed the lawyers of FBFG as co-lead class counsel, and approved the settlement valued at over $19 million.

- *Wise v. Energy Plus Holdings, LLC*, No. 11-7345 (S.D.N.Y.). Nationwide class action alleging that Energy Plus falsely claimed to offer competitive electricity rates when its prices are substantially higher than market rates in violation of New York Gen. Bus. L. § 349 and other consumer protection laws. On September 17, 2013, the Court certified the class, appointed the lawyers of FBFG as lead class counsel, and approved the settlement valued at over $11 million.

- *Chen v. Hiko Energy, LLC*, No. 14-1771 (S.D.N.Y.). Multistate class action alleging that Hiko falsely claimed to offer competitive electricity rates when its prices are substantially higher than market rates in violation of New York Gen. Bus. L. § 349 and other consumer protection laws. On May 9, 2016, the Court certified the class, appointed the lawyers of FBFG as class counsel, and approved the settlement valued at over $10 million.

- *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14-3139 (S.D.N.Y.). Statewide class action on behalf of mortgagors alleging Chase's failure to comply with mortgage recording requirements. On November 9, 2017, the Court approved a settlement valued at $10,808,630, certifying the settlement class and appointing FBFG attorneys as class counsel.

- *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-3073 (S.D.N.Y.). Class action alleging deceptive labeling in connection with Defendant's Aveeno Naturals brand of personal care products. Plaintiffs defeated Defendant's motions to dismiss and exclude Plaintiffs' expert's report, and obtained class certification and an appointment as Co-Lead Class Counsel. On November 1, 2017, the Court approved a proposed settlement valued at $6.75 million.

- *Adler v. Bank of America, N.A*, No. 13-4866 (S.D.N.Y.). Class action alleging that Bank of America failed to timely present certificates of discharge for mortgages that were satisfied in New York State. On July 20, 2016, the Court certified the class, appointed the lawyers of FBFG as class counsel, and approved the settlement valued at over $7 million.

- *In re Michaels Stores, Inc. Zip Code Litigation*, No. 11-10920 (D. Mass.). State-wide class action alleging that Michaels Stores unlawfully collected consumers' private information. After securing a groundbreaking decision by the Massachusetts Supreme Judicial Court, establishing that consumers whose privacy has been violated may bring consumer protection claims against companies that unlawfully collect personal identification information, the lawyers of FBFG were appointed as co-lead class counsel and negotiated a class-wide settlement, which the Court approved.

- *In Re: KIND LLC "Healthy and All Natural" Litigation,* Nos. 15-MD-2645, 15-MC-2645 (S.D.N.Y.). Class action alleging false advertising of Defendant KIND's snack food products. Appointed as co-lead interim class counsel on November 13, 2015.

- *Reed v. Friendly's Ice Cream, LLC*, No. 15-0298 (M.D. Pa.). Nationwide class and collective minimum wage and overtime claim on behalf of approximately 10,000 servers. On January 31, 2017, the Court certified the class, appointed an FBFG lawyer as co-lead class counsel, and approved the settlement valued at over $4.6 million.

- *Quinn v. Walgreen*, No. 12-8187 (S.D.N.Y.). Nationwide settlement valued at $2.8 million to resolve Plaintiffs' claim that Defendant's glucosamine products did not

perform as represented.  On March 24, 2015, the Court certified the class, appointed FBFG lawyers as Co-Lead Class Counsel and approved a nationwide $2.8 million settlement.

- *Al Fata v. Pizza Hut of America, Inc.*, No. 14-376 (M.D. Fla.).  Statewide minimum wage claim on behalf of approximately 2,000 Pizza Hut delivery drivers.  On June 21, 2017, the Court certified the class and approved a settlement valued at $3.1 million that provided the then-highest per-person recovery in any delivery driver under-reimbursement class action.

FBFG is also counsel of record in numerous class actions throughout the country, including cases pending in United States District Courts in New York, California, Massachusetts, Nevada, New Jersey, Maryland, New Mexico, Colorado, Arkansas, and Pennsylvania, as well as actions pending in the state courts of New York, California, Nebraska, and New Jersey.

FBFG also has an accomplished and successful appellate practice, having obtained numerous groundbreaking decisions from federal and state appellate courts.  Examples include: *In Re Zappos.Com, Inc., Customer Data Security Breach Litigation*, No. 16-16860, 2018 WL 1189643 (9th Cir. Mar. 8, 2018) (reversing dismissal by district court and holding that consumers whose personal identification information was stolen in a data breach have Article III standing); *Zahn v. N. Am. Power & Gas, LLC*, 2016 IL 120526, 72 N.E.3d 333 reh'g denied (Jan. 23, 2017) (on certified question from the 7th Circuit, holding that the Illinois Commerce Commission does not have exclusive jurisdiction to hear consumer claims against alternative retail electricity suppliers); *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875 (7th Cir. 2017) (reversing dismissal of consumer's putative class action seeking redress for excessive electricity charges by alternative retail electricity supplier); *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 738 (2d Cir. 2017) (reversing dismissal of consumer's putative class action seeking redress for Whole Foods' alleged practice of representing the weight of prepackaged foods); *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 984 N.E.2d 737 (2013) (on certified question from U.S. District Court for Massachusetts, finding that the collection of ZIP codes from consumers using credit cards violates Massachusetts consumer protection law).

## Attorney Profiles

## Greg Blankinship

Greg Blankinship is a founding partner of FBFG, and he specializes in class actions in state and federal courts.  Mr. Blankinship has worked on substantial class action matters representing both defendants and plaintiffs in numerous state, federal, and multi-district class actions, including wage and hour and consumer fraud matters.  Mr. Blankinship has been named class counsel by numerous courts.  Mr. Blankinship has been designated a New York Super Lawyer every year 2014 and 2015, a distinction earned by only five percent of the lawyers in the New York metro area.

Prior to joining the Firm, Mr. Blankinship was an associate with Skadden, Arps, Slate, Meagher & Flom LLP and Greenberg Traurig, LLP.  Mr. Blankinship received his B.A. from Emory

University in 1991 and his M.A. from the University of North Carolina in 1995.  He attended law school at the University of Washington, where he earned his J.D. in 2003.  While in law school, Mr. Blankinship was a member of the University of Washington Law Review.

A sampling of Mr. Blankinship's successful cases includes:

- Appointed Interim Co-Lead Class Counsel in *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-3073 (S.D.N.Y.).  Class action alleging deceptive labeling in connection with Defendant's Aveeno Naturals brand of personal care products.  Plaintiffs defeated Defendant's motions to dismiss and exclude Plaintiffs' expert's report, and won class certification.  On November 1, 2017, the Court approved a proposed settlement valued at $6.75 million.

- Appointed to the Plaintiffs' Executive committee in *In Re:  Santa Fe Natural Tobacco Company Marketing and Sales Practices Litigation*, No. 16-MD-2695 (D. N.M.).  Plaintiffs in this multi-district litigation contend that Santa Fe Natural Tobacco mislead consumers into believing their cigarettes were less harmful that others because they are natural and organic.  Litigation is on-going.

- Class counsel in *McLauglin v. IDT Energy* No. 14-4107 (E.D.N.Y.). Nationwide class action alleging that IDT overcharged consumers for gas and electric supply.  On October 18, 2018, the Court certified the class, appointed the lawyers of FBFG as co-lead class counsel, and approved the settlement valued at over $54 million.

- Class counsel in *Edwards v. North American Power & Gas, LLC*, No. 14-1714 (D. Conn.).   Nationwide class action alleging that North American Power charged electricity and gas rates far in excess of what it promised to charge variable rate customers.  On August 2, 2018, the Court certified the class, appointed the lawyers of FBFG as co-lead class counsel, and approved the settlement valued at over $19 million.

- Counsel in *Wise v. Energy Plus Holdings LLC*, No. 11-7345 (S.D.N.Y.).  Plaintiffs alleged that Energy Plus, an independent electricity supplier, misrepresented that its rates were reflective of the market when they were much higher.  The Court granted final approval of a settlement covering more than 400,000 consumers in eight states and valued at more than $11,000,000.

- Appointed Class Counsel in *Brenner v. J.C. Penney Company, Inc.*, No. 13-11212 (D. Mass.).  Plaintiff alleged that J.C. Penney requested and recorded customers' ZIP codes, which it then used to identify consumers' mailing addresses to send them junk mail, in violation of Massachusetts law.  The Court granted final approval of a settlement valued at more than $3.5 million.

- Appointed Class Counsel in *Brenner v. Kohl's Corporation,* No. 13-cv-10935 (D. Mass.).   State-wide class action alleging that Kohl's unlawfully collected consumers' personal identification information.  On December 5, 2013, the Court granted preliminary approval to a settlement valued at $435,000 and appointed lawyers of FBFG class counsel.

- Appointed Interim Co-Lead Class Counsel in *Chen v. HikoEnergy, LLC*, No. 14-cv-01771 (S.D.N.Y.).   State-wide class action alleging that Hiko charged deceptively high electricity and natural gas rates.

- Appointed Interim Co-Lead Class Counsel in *Tyler v. Bed Bath & Beyond, Inc.*, No. 13-10639 (D. Mass.).   Plaintiff alleged that Bed, Bath & Beyond illegally requested and recorded customers' ZIP codes.

Mr. Blankinship's broad experience as a litigator has also exposed him to a wide variety of substantive business and consumer issues.  He also has substantial experience with the issues and procedural aspects of large class action and complex cases.

Mr. Blankinship is admitted to practice in New York and Massachusetts and is a member of the bars of the U.S. District Courts for the Eastern, Western, Northern, and Southern Districts of New York, the District of Connecticut, the District of Massachusetts, and the First, Second, Third, Seventh, and Ninth Circuit Courts of Appeals.

## Jeremiah Frei-Pearson

Jeremiah Frei-Pearson is a founding partner of Finkelstein, Blankinship, Frei-Pearson & Garber. He is a passionate advocate and an experienced litigator who represents consumers and employees in complex class actions.  As a result of the victories he has won for his clients, the National Trial Lawyers Association selected Mr. Frei-Pearson as a member of the Top 100 Trial Lawyers from 2014 to 2018.  Mr. Frei-Pearson is a member of the Best Attorneys of America, a distinction that is limited to less than 1% of attorneys, and he is also designated as Super Lawyer, a distinction awarded to only 5% of the New York Metro Area.  Mr. Frei-Pearson practices in federal and state courts throughout the country and his areas of expertise include class actions, privacy, consumer fraud, employment law, and civil rights.

Prior to joining the Firm, Mr. Frei-Pearson was an associate with Kaye Scholer LLP, a multinational law firm, and a staff attorney with Children's Rights, a national public interest law firm representing children in foster care in class action reform lawsuits.  Mr. Frei-Pearson received his B.A. from Skidmore College, Magna Cum Laude, Phi Beta Kappa in 2000 and he earned his J.D. in 2003 from Stanford Law School.  While in law school, Mr. Frei-Pearson was a Public Interest Fellow and served as Senior Symposium Editor of the Stanford Law & Policy Review.

A sampling of Mr. Frei-Pearson's significant cases includes:

- Appointed co-class counsel in *Saint Joseph Health System Medical Information Cases*, JCCP No. 4716 (Cal. Sup. Ct.).  The Court denied Saint Joseph's demurrer and the Court of Appeals upheld that ruling.  After more than two years of litigation, the Court granted Plaintiffs' motion to certify a class of approximately 31,802 data breach victims.  On January 14, 2015, the Court denied Saint Joseph's motion for summary judgment.  The Court of Appeals upheld the Court's summary judgment and class certification decisions.  The case was set for trial on August 24, 2015, but

the parties reached a settlement valued at approximately $39 million, which the Court finally approved on February 3, 2016. This settlement provides the more money per capita to individual class members than any other known data breach settlement on record.

- Appointed co-lead class counsel in *Castillo v. Seagate Technology LLC*, No. 16-02136 (N.D. Cal.). Class action on behalf of over 12,000 individuals victimized by a data breach. On September 19, 2016, the Court denied Seagate's motion to dismiss in part. On October 19, 2017, the Court granted preliminary approval of the settlement agreement valued at up to $42 million.

- Appointed class counsel in *Sackin v. Transperfect Global, Inc.*, No. 17-1469 (S.D.N.Y. 2017). Class action on behalf of over 4,000 individuals victimized by a data breach. On June 15, 2017, the Court entirely denied Transperfect's motion to dismiss. On March 13, 2018, the Court preliminarily approved a settlement valued at over $40 million.

- Appointed co-class counsel in *Reed v. Friendly's Ice Cream, LLC*, No. 15-cv-00298 (M.D. Pa.). The Court denied motions to dismiss and ruled for plaintiffs on several other motions in this wage and hour class action. On January 31, 2017, the Court certified the class, appointed an FBFG lawyer as co-lead class counsel and finally approved a settlement valued at over $4.6 million.

- Appointed co-class counsel in *Al Fata v. Pizza Hut of America, Inc.*, No. 14-cv-376 (M.D. Fla.). The Court denied defendant's motion to compel arbitration. While Plaintiffs' class certification motion was *sub judice*, the parties reached a class settlement on behalf of a Florida class of delivery drivers alleging minimum wage violations. The Court granted final approval of the settlement, which is valued at $3.1 million, on June 21, 2017.

- Appointed class counsel in *Hanna v. CFL Pizza, LLC*, No. 05-2011-CA-52949 (Fl. Cir. Court). On September 3, 2013, the Court granted final approval of a settlement that created a substantial settlement fund for under-reimbursed Pizza Hut franchisee delivery drivers who alleged violations of Florida minimum wage law.

- Appointed co-class counsel in *Bellaspica v. PJPA, LLC*, No. 13-3014 (E.D. Pa.). On June 22, 2016, the Court granted final approval of a FLSA collective action settlement, providing a settlement fund for under-reimbursed Papa John's franchisee pizza delivery drivers.

- Appointed class counsel in *Yoeckel v. Marriott*, No. 703387 (Queens Cty. Com. Div.). Class action alleging that Marriott violated New York wage and hour laws. On May 3, 2017, the Court certified a class and finally approved a settlement that provided class members with 100% of their maximum compensatory damages alleged.

- Appointed co-class counsel in *Miller v. Fresh*, No. 14-0880 (Mass. Suffolk Cty.). State-wide class action alleging that Fresh unlawfully collected consumers' personal identification information.  On July 15, 2015 the Court certified a class and granted final approval to a settlement.

- Appointed co-class counsel in *Miller v. Patagonia*, No. 14-0888 (Mass. Suffolk Cty.).  State-wide class action alleging that Patagonia unlawfully collected consumers' personal identification information.  On February 9, 2015 the Court certified a class and granted final approval to a settlement.

- Counsel to the Plaintiffs in *D.G. ex rel. Stricklin v. Henry*, No. 08-cv-074 (N.D. Okl.).  In this class action to reform Oklahoma's foster care system, the Court certified a statewide class of Oklahoma's foster children (an opinion that was affirmed by the Tenth Circuit).  As a result of this litigation, Oklahoma has committed to restructuring its state foster care agency to eliminate dangerous practices (such as an unsafe shelter where babies in state custody disproportionately suffered fractured skulls), and improve measurable outcomes for children in state custody.

- As counsel in *Charlie and Nadine H. v. Christie*, No. 99-3678 (D.N.J.), worked with the state agencies, a federally appointed monitor, and the Court to help ensure implementation of a consent decree to reform New Jersey's foster care system. Among many other significant achievements under the consent decree, New Jersey broke a record for adoptions achieved, significantly reformed supervision procedures that were inadequate, and substantially increased the percentage of foster children who subsequently attended college.  Mr. Frei-Pearson continues to be involved in this litigation in a *pro bono* capacity.

Mr. Frei-Pearson has received numerous awards for his legal work, including the New York City Bar Association's Thurgood Marshall Award for his work on death penalty cases, a citation from the New York City Council for his child advocacy work, and the 2010 Palomountain Award from Skidmore College.  Mr. Frei-Pearson is also active in his community; he is a district leader in White Plains, where he serves as Chair of the Mayor's Advisory Committee For People With Disabilities and he sits on the Board of Legal Services of the Hudson Valley.

Mr. Frei-Pearson is admitted to practice in New York and is a member of the bars of the U.S. District Courts for the Eastern, Western and Southern Districts of New York.

## Todd S. Garber

Todd S. Garber is a founding partner in the Firm.  Mr. Garber is an experienced litigator, who practices in state and federal courts.  His areas of experience include class actions, consumer fraud, securities fraud, complex commercial disputes, business torts, antitrust, and general litigation.  Mr. Garber was designated a New York Super Lawyer in 2013 and 2014, a distinction earned by only five percent of the lawyers in the New York metro area.

Prior to joining the Firm, Mr. Garber worked at Lowey Dannenberg Cohen & Hart, P.C., where he prosecuted and defended complex commercial litigation matters and class actions.

Mr. Garber's career achievements include:

- Appointed Class Counsel in *Brenner v. J.C. Penney Company, Inc.*, No. 13-11212 (D. Mass.). Plaintiff alleged that J.C. Penney requested and recorded customers' ZIP codes, which it then used to identify consumers' mailing addresses to send them junk mail, in violation of Massachusetts law. The Court granted final approval of a settlement valued at more than $3.5 million.

- Appointed Class Counsel in *Brenner v. Kohl's Corporation,* No. 13-cv-10935 (D. Mass). State-wide class action alleging that Kohl's unlawfully collected consumers' personal identification information. On March 12, 2014, the Court granted final approval to a settlement valued at $425,000 and appointed lawyers of FBFG class counsel.

- Appointed Co-Lead Class Counsel in *Quinn v. Walgreen*, No. 12-8187 (S.D.N.Y.). Nationwide settlement valued at $2.8 million to resolve Plaintiffs' claim that Defendant's glucosamine products did not perform as represented. . On March 24, 2015, the Court finally approved the settlement and certified the class.

- Appointed Interim Co-Lead Class Counsel in *Chen v. HikoEnergy, LLC*, No. 14-cv-01771 (S.D.N.Y.). State-wide class action alleging that Hiko charged deceptively high electricity and natural gas rates. On May 9, 2016, the Court certified the class and approved a settlement valued at over $10 million.

- Appointed Interim Co-Lead Class Counsel in *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-3073 (S.D.N.Y.). Class action alleging deceptive labeling in connection with Defendant's Aveeno Naturals brand of personal care products. Plaintiffs defeated Defendant's motions to dismiss and exclude Plaintiffs' expert's report, and won class certification. On November 1, 2017, the Court approved a proposed settlement valued at $6.75 million.

- Appointed Co-Lead Class Counsel in *Tyler v. Bed Bath & Beyond, Inc.*, No. 13-10639 (D. Mass.). Plaintiff alleged that Bed, Bath & Beyond illegally requested and recorded customers' ZIP codes.

- Class Counsel in *Wise v. Energy Plus Holdings LLC*, No. 11-7345 (S.D.N.Y.). Plaintiffs alleged that Energy Plus, an independent electricity supplier, misrepresented that its rates were reflective of the market when they were much higher. The Court granted final approval of a settlement covering more than 400,000 consumers in eight states and valued at more than $11,000,000.

- As counsel for the New York City Pension Funds, Lead Plaintiff in *In re Juniper Networks, Inc. Sec. Litig.*, No. C-06-04327 JW (N.D. Cal 2010), helped achieve a settlement of $169.5 million, one of the largest settlements in an options backdating case, after more than three years of hard-fought litigation.

- Involvement in the prosecution of a number of high-profile cases, which have resulted in hundreds of millions of dollars in recoveries for investors, including *In re WorldCom Securities Litigation*, *In re HealthSouth Securities Litigation, In re DaimlerChrysler AG Securities Litigation*, and *In re Bayer AG Securities Litigation*.

- Representation of institutional investors in stockholder voting rights and corporate governance cases, including *Gabelli Global Multimedia v. Western Investment LLC*, 700 F. Supp. 2d 748 (D. Md. 2010); *Delcath Systems, Inc. v. Ladd*, 466 F.3d 257 (2d. Cir. 2006); *Salomon Brothers Mun. Partners Fund, Inc. v. Thornton*, 410 F. Supp. 2d 330 (S.D.N.Y. 2006); *meVC Draper Fisher Jurvetson Fund I, Inc. v. Millennium Partners*, 260 F. Supp. 2d 616 (S.D.N.Y. 2003); and *Millenco L.P. v. meVC Draper Fisher Jurvetson Fund I, Inc.*, 824 A.2d 11 (Del. Ch. 2002).

Mr. Garber received his B.A. from Cornell University in 1999 and his J.D. from the Benjamin N. Cardozo School of Law in 2002, where he was articles editor for the Cardozo Journal of International and Comparative Law, and was competitively selected to work for the New York City Law Department's Corporation Counsel in its Appellate Division.

Mr. Garber co-authored "*Morrison v. National Australia Bank: The Potential Impact on Public Pension Fund Fiduciaries*," The NAPPA Report, Vol. 24, Number 3, August 2010, and "*Loss Causation in the Ninth Circuit*," New York Law Journal, September 2, 2008.

Mr. Garber is admitted to practice in New York and Connecticut and is a member of the bars of the U.S. District Courts for the Eastern, Western and Southern Districts of New York and the Second Circuit Court of Appeals.

## Andrew Finkelstein

Andrew Finkelstein is the Managing Partner of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP. He has become a noted consumer activist through his representation of injured individuals against corporate wrong doers and other irresponsible parties.

Mr. Finkelstein served as Captain of the 9/11 Victim Compensation Fund in a pro bono capacity, where he helped obtain over $10 million for victims and waived all legal fees associated with this representation. Mr. Finkelstein is also the Chairman of the Plaintiff Personal Injury Steering committee for the Neurontin Liability Multi District Litigation in Boston, Massachusetts. He has worked closely with the FDA regarding the adverse effects associated with Neurontin, having filed a Citizens Petition seeking enhanced warning of the side effects of this drug, specifically increased suicidal tendencies. Additionally, Mr. Finkelstein is a member of the Executive Steering Committee of the Hormone Replacement Therapy Multi District Litigation in both Philadelphia, Pennsylvania and Little Rock, Arkansas. He is a member of the Plaintiff Steering Committee of the Ortho Evra Birth Control Patch New Jersey Coordinated Litigation, and the Plaintiff Steering Committee of the Viagra Multi District Litigation in Minneapolis, Minnesota.

Mr. Finkelstein is a frequent lecturer at Continuing Legal Education courses. His topics include "Science in the Courtroom", "Technology in the Courtroom", "Prosecution of a Pharmaceutical

Case", "The Ethics of On-line Advertising", and "Structured Settlements and the Personal Injury Settlement."

In addition to these presentations, Mr. Finkelstein volunteers his time to present his "Commit to Quit Texting While Driving" seminar to area high school students.

## Bradley F. Silverman

Mr. Silverman is a highly experienced litigator.  He has represented individuals and public and private companies in courts throughout the country.  He has broad experience handling numerous types of disputes.  This experience includes the representation of plaintiffs and defendants in: class actions; contract disputes; employment matters; disputes relating to the management and control of closely held businesses; intellectual property and trade secret disputes; RICO actions; antitrust and unfair competition matters; real estate disputes; Title IX and other claims relating to college disciplinary actions; challenges to local and state laws that are either unconstitutional or preempted by federal law; and actions to enforce First Amendment rights.

At FBFG, Mr. Silverman's practice focuses on class actions in which he represents individuals across the country who have been harmed by the unlawful acts of companies.  Past class actions in which he has been involved include *In re: Coca-Coca Products Marketing and Sales Practices Litigation*, a multidistrict litigation where Mr. Silverman's prior firm served as co-lead counsel for all plaintiffs.  In that case and in other cases, he has asserted claims against some of the largest food manufacturers in the world for placing illegal, deceptive, and false statements on product labels.

Prior to joining FBFG, Mr. Silverman practiced at several of the leading litigation firms in New York City, including the international law firm of Kaye Scholer LLP (now Arnold & Porter Kaye Scholer LLP).  He received his undergraduate degree, *magna cum laude*, from Brandeis University.  He received his law degree from the University of Pennsylvania Law School where he served as a member of the Moot Court Board and as Senior Editor of the Journal of International Economic Law.  Born and raised in Brooklyn, New York, he and his family now reside in Westchester County.

## Sara Bonaiuto

Ms. Bonaiuto is an associate at FBFG, where she specializes in class actions in state and federal courts.  She is admitted to practice in Connecticut.  Ms. Bonaiuto received her J.D. from the University of Connecticut Law School and her B.A. from Endicott College.  During Law School, Ms. Bonaiuto served as a Legal Extern for the Connecticut Urban Legal Initiative and as a Student Intern for the International Refugee Assistance Project.

## Chantal Khalil

Ms. Khalil is an associate at FBFG, where she specializes in class actions in state and federal courts.  She is admitted to practice in New York and in the United States District Court for the Southern District of New York.  Ms. Khalil received her J.D. from George Washington University Law School and her B.A. from New York University (*magna cum laude*).  During Law School,

Ms. Khalil served on *The George Washington International Law Review*, was recognized as a Thurgood Marshall Scholar, and received President Obama's Volunteer Service Award.

## Ayana McGuire

Ms. McGuire is an associate at FBFG, where she specializes in class actions in state and federal courts. Ms. McGuire received her J.D. from University of Connecticut School of Law and her B.A. from Cornell University. She is a member of the New York bar.

## Antonino B. Roman

Mr. Roman is an associate at FBFG, where he specializes in class actions in state and federal courts, and in e-discovery. His past experience includes representing plaintiffs and corporate defendants in complex litigation matters. He has participated in all phases of discovery and appeared in federal and state courts, and drafted federal and state briefs and pleadings, including winning summary judgment motions and federal appellate and trial briefs.

As an attorney at boutique litigation firms in New York City, he assisted in the prosecution of *In re: Initial Public Offering Securities Litigation*, a class action against issuers and underwriters of securities, and *In re: Wilmington Trust Securities Litigation*, a class action involving loan loss accounting issues. He was also an associate at Wilson Elser Moskowitz Edelman & Dicker LLP, where his team served as lead defense counsel in *In re: Fashion Model Antitrust Litigation*, a horizontal price-fixing class action, and at Kaye Scholer LLP, where he oversaw the implementation of multi-district pretrial discovery in *In re: Rezulin Products Liability Litigation*. He also practiced law at Angara Abello Concepcion Regala & Cruz Law Offices, a top-tier litigation firm in the Philippines based on *Asia-Pacific Legal 500*'s annual rankings.

Mr. Roman is admitted to practice in New York, the Philippines, and the U.S. District Courts for the Northern, Southern and Eastern Districts of New York. He is a graduate of Columbia University School of Law, where he obtained his LL.M. and served as an editor for the Columbia Journal of Transnational Law and Columbia Journal of Asian Law. He obtained his J.D. and B.A. in Economics from Ateneo de Manila University, a Jesuit-run institution in the Philippines.

His numerous articles and commentaries on U.S. and Philippine legal issues have been published in the Columbia Journal of Asian Law, the Integrated Bar of the Philippines Law Journal, the Philippine Bar Association Newsletter, and the New York Law Journal. He has also lectured abroad on U.S. Discovery Practice.

## John Sardesai-Grant

Mr. Sardesai-Grant is an Associate at FBFG, where he specializes in class actions in state and federal courts.

Before joining FBFG, John was an associate at Baritz & Colman LLP, where he represented clients in employment discrimination and commercial disputes. As of counsel to Reese Richman LLP, John brought cases against the New York Police Department on behalf of victims of police misconduct. As an associate at Brower Piven, P.C., he prosecuted complex securities fraud class

actions on behalf of shareholders. And as an associate at Bickel & Brewer, a premier commercial litigation boutique, he represented clients in a variety of regulatory and commercial matters.

John earned his B.S. in Economics from The Wharton School at the University of Pennsylvania, as well as an M.A. in Chinese from the University of Pennsylvania's Graduate School of Arts and Sciences. John received his J.D. from New York University School of Law.

John is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York and the District of Colorado. He is an active member of the New York County Lawyers Association.

**Jean Sedlak**

Ms. Sedlak is an associate at FBFG where she specializes in class actions in state and federal court. Ms. Sedlak has helped to recover millions of dollars for victims of corporate wrongdoing. Ms. Sedlak has successfully prosecuted cases involving claims of false advertising and deceptive practices, wage and hour violations, and violations of the Telephone Consumer Protection Act. Prior to joining FBFG Ms. Sedlak worked as an associate at Latham & Watkins, completed a judicial clerkship in Hawaii and practiced class action law at a firm in New York City. Ms. Sedlak earned her J.D. from UCLA School of Law where she served as the Financial Director of the El Centro Legal Clinic and earned her Bachelor of Science Degree in Finance from Chapman University.

**Andrew White**

Mr. White is an associate at FBFG, where he specializes in class actions in state and federal courts. Mr. White received his J.D. from New York University School of Law and his B.A. from State University of New York, College at Potsdam. During law school, Mr. White served as an editor for the Journal of Law and Liberty. Mr. White is admitted to practice in New York and in the United States District Court for the Southern District of New York.

# Exhibit 3

700250-15    Ines Burgos

| DATE | PAYEE | CHECK# | AMOUNT |
|---|---|---|---|
| | MANAGEMENT | | .00 |
| 7/26/18 | AMERICAN EXPRESS | 7778 | 906.54 |
| | #3767 440502 61006 | JUN-18 WESTLAW | |
| 8/10/18 | FILE EXPENSES PAID | 980918 | 6.20 |
| | EXPENSES PAID | DLS-POSTAGE | |
| 8/27/18 | AMERICAN EXPRESS | 7842 | 76.06 |
| | #3767 440502 61006 | JUL-18 WESTLAW | |
| 12/12/18 | M&T VISA | 912128 | 6.70 |
| | FBFG NOV-18 | USPS 11/13/18 | |
| 12/24/18 | KIMBERLY LUTJEN PROCESS - KLPS | 8067 | 130.00 |
| | PROCESS SERVER | PROCESS SERVER | |
| 1/14/19 | PACER SERVICE CENTER | 8114 | 2.60 |
| | ACC'T #4246532 | | |
| 1/15/19 | M&T VISA | 911519 | 94.30 |
| | FBFG DEC-18 | NOV-18 WESTLAW | |
| 2/15/19 | M&T VISA | 900001 | 333.17 |
| | FBFG JAN-19 | DEC-18 WESTLAW | |
| 2/15/19 | M&T VISA | 900001 | 329.40 |
| | FBFG JAN-19 | DGB/DELTA AIR 12/31/18 | |
| 2/15/19 | M&T VISA | 900001 | 310.00 |
| | FBFG JAN-19 | US DIST COURT NDCA 12/31/18 | |
| 2/15/19 | M&T VISA | 900001 | 640.79 |
| | FBFG JAN-19 | EVIDENCE - 10 RAV POWER BANKS | |
| 3/21/19 | M&T VISA | 900016 | 261.52 |
| | FBFG FEB-2019 | JAN-19 WESTLAW | |
| 3/21/19 | M&T VISA | 900016 | 5.80 |
| | FBFG FEB-2019 | PACER - FQE 12/31/18 | |
| 3/21/19 | M&T VISA | 900016 | 60.48 |
| | FBFG FEB-2019 | DGB/ TAXI  2/11/19 | |
| 3/21/19 | M&T VISA | 900016 | 101.09 |
| | FBFG FEB-2019 | DGB/DOSA VALENCIA 2/13/19 | |
| 3/21/19 | M&T VISA | 900016 | 11.00 |
| | FBFG FEB-2019 | DGB/TAXI 2/12/19 | |
| 3/21/19 | M&T VISA | 900016 | 99.03 |
| | FBFG FEB-2019 | DGB/ANCHOR & HOPE 2/13/19 | |
| 3/21/19 | M&T VISA | 900016 | 66.63 |
| | FBFG FEB-2019 | DGB/OAKLAND MARRIOTT 2/12/19 | |
| 3/21/19 | M&T VISA | 900016 | 1,537.01 |
| | FBFG FEB-2019 | DGB/MARRIOTT FRAN MARQ2/15/19 | |
| 3/21/19 | M&T VISA | 900016 | 444.25 |
| | FBFG FEB-2019 | JNS/EVIDENCE 2/11/19 | |
| 3/20/19 | FILE EXPENSES PAID | 9032119 | 302.22 |
| | EXPENSES PAID | DGB-TAXI | |
| 4/25/19 | M&T VISA | 900018 | 40.10 |
| | FBFG MAR-2019 | FEB-19 WESTLAW | |
| 4/25/19 | M&T VISA | 900018 | 523.60 |
| | FBFG MAR-2019 | SKB-AIRFARE | |
| 4/25/19 | M&T VISA | 900018 | 163.40 |
| | FBFG MAR-2019 | SKB-HERTZ RENT-A-CAR | |
| 4/23/19 | PACER SERVICE CENTER | 8391 | 45.40 |
| | RESEARCH-ACC'T #4246532 | | |
| 4/25/19 | M&T VISA | 900018 | 458.60 |
| | FBFG MAR-2019 | DGB-AIRFARE | |
| 4/25/19 | M&T VISA | 900018 | 287.07 |
| | FBFG MAR-2019 | DGB-AIRFARE | |

700250-15    Ines Burgos

```
DATE     PAYEE                              CHECK#      AMOUNT
5/14/19  M&T VISA                           900019        25.13
         APRIL 2019 M&T VISA       DGB-INTERNET ON PLANE 4/2/19
5/14/19  M&T VISA                           900019        71.81
         APRIL 2019 M&T VISA       DGB-MEAL 4/16/19
5/14/19  M&T VISA                           900019        60.48
         APRIL 2019 M&T VISA       DGB-TAXI CAB 4/16/19
5/14/19  M&T VISA                           900019        19.71
         APRIL 2019 M&T VISA       DGB-COPIES 4/17/19
5/14/19  M&T VISA                           900019        22.88
         APRIL 2019 M&T VISA       DGB-FOOD 4/17/19
5/14/19  M&T VISA                           900019        71.71
         APRIL 2019 M&T VISA       DGB-FOOD 4/17/19
5/14/19  M&T VISA                           900019        50.45
         APRIL 2019 M&T VISA       DGB-TAXI CAB 4/19/19
5/14/19  M&T VISA                           900019        10.27
         APRIL 2019 M&T VISA       DGB-FOOD 4/19/19
5/14/19  M&T VISA                           900019     1,256.05
         APRIL 2019 M&T VISA       DGB-HOTEL 4/20/19
5/14/19  M&T VISA                           900019        32.00
         APRIL 2019 M&T VISA       DGB-INTERNET ON PLANE 4/22/19
5/14/19  M&T VISA                           900019         1.95-
         APRIL 2019 M&T VISA       JNS-POWER BANKS 4/24/19
5/14/19  M&T VISA                           900019       410.30
         APRIL 2019 M&T VISA       SKB-AIRFARE 4/4/19
5/14/19  M&T VISA                           900019        17.93
         APRIL 2019 M&T VISA       SKB-UBER 4/18/19
5/14/19  M&T VISA                           900019        30.00
         APRIL 2019 M&T VISA       SKB-BAGGAGE FEE 4/19/19
5/14/19  M&T VISA                           900019        10.38
         APRIL 2019 M&T VISA       SKB-FOOD 4/19/19
5/14/19  M&T VISA                           900019        16.74
         APRIL 2019 M&T VISA       SKB-UBER 4/19/19
5/14/19  M&T VISA                           900019         2.00
         APRIL 2019 M&T VISA       SKB-UBER 4/19/19
5/14/19  M&T VISA                           900019        37.00
         APRIL 2019 M&T VISA       SKB-MEAL 4/22/19
5/14/19  M&T VISA                           900019        39.95
         APRIL 2019 M&T VISA       SKB-INTERNET ON PLANE 4/19/19
5/14/19  M&T VISA                           900019        30.00
         APRIL 2019 M&T VISA       SKB-BAGGAGE FEE 4/22/19
5/14/19  M&T VISA                           900019        11.73
         APRIL 2019 M&T VISA       SKB-FOOD 4/20/19
5/14/19  M&T VISA                           900019       117.00
         APRIL 2019 M&T VISA       SKB-AIRFARE 4/19/19
5/14/19  M&T VISA                           900019        11.59
         APRIL 2019 M&T VISA       SKB-FOOD 4/19/19
5/14/19  M&T VISA                           900019       899.63
         APRIL 2019 M&T VISA       SKB-AIRFARE 4/20/19
5/14/19  M&T VISA                           900019        13.29
         APRIL 2019 M&T VISA       SKB-GAS 4/22/19
6/18/19  M&T VISA                           900020         4.10
         FBFG VISA MAY 2019        PACER FQE 3/31/19
6/18/19  M&T VISA                           900020        32.22
         FBFG VISA MAY 2019        WESTLAW APR-19
6/18/19  M&T VISA                           900020       582.60
         FBFG VISA MAY 2019        DGB-DELTA AIRFARE
```

700250-15    Ines Burgos

| DATE | PAYEE | CHECK# | AMOUNT |
|------|-------|--------|--------|
| 7/25/19 | NORTHSTAR DEPOSITION SERVICES | 8568 | 1,465.85 |
| | TRANSCRIPT | TRANSCRIPT | |
| 7/10/19 | M&T VISA | 900021 | 42.33 |
| | JUN-19 FBFG VISA CHARGES | MAY-19 WESTLAW | |
| 7/08/19 | UNITED PARCEL SERVICE | 8532 | 31.77 |
| | SHIPPER #WA8598-06/29/2019 | | |
| 7/08/19 | UNITED PARCEL SERVICE | 8532 | 1.51 |
| | SHIPPER #WA8598-06/29/2019 | | |
| 7/08/19 | UNITED PARCEL SERVICE | 8532 | 7.40 |
| | SHIPPER #WA8598-06/29/2019 | | |
| 8/01/19 | ESKRA TECHNICAL PRODUCTS, INC. | 8584 | 750.00 |
| | EXPERT | EXPERTS REPORT | |
| 8/01/19 | ADR SERVICES, INC. | 8585 | 700.00 |
| | MEDIATION HEARING | MEDIATION HEARING | |
| 7/18/19 | UNITED PARCEL SERVICE | 8554 | 60.21 |
| | SHIPPER #WA8598-07/06/2019 | | |
| 7/18/19 | UNITED PARCEL SERVICE | 8554 | 5.31 |
| | SHIPPER #WA8598-07/06/2019 | | |
| 8/01/19 | MICHAEL PECHT | 8589 | 2,500.00 |
| | EXPERT CONSULTANT | PROFESSIONAL SERVICES RENDERED | |
| 8/01/19 | PACER SERVICE CENTER | 8594 | 47.90 |
| | RESEARCH-ACC'T #4246532 | | |
| 8/07/19 | FILE EXPENSES PAID | 9080819 | 10.44 |
| | EXPENSES PAID | DGB-TAXI | |
| 8/15/19 | M&T VISA | 900022 | 126.46 |
| | FBFG JULY 2019 | WESTLAW JUNE 2019 | |
| 8/15/19 | M&T VISA | 900022 | 58.50 |
| | FBFG JULY 2019 | DGB-TAXI | |
| 8/15/19 | M&T VISA | 900022 | 21.26 |
| | FBFG JULY 2019 | DGB-FOOD | |
| 8/15/19 | M&T VISA | 900022 | 45.81 |
| | FBFG JULY 2019 | DGB-FOOD | |
| 8/15/19 | M&T VISA | 900022 | 5.37 |
| | FBFG JULY 2019 | DGB-FOOD | |
| 8/15/19 | M&T VISA | 900022 | 6.25 |
| | FBFG JULY 2019 | DGB-FOOD | |
| 8/15/19 | M&T VISA | 900022 | 53.10 |
| | FBFG JULY 2019 | DGB-FOOD | |
| 8/15/19 | M&T VISA | 900022 | 117.00 |
| | FBFG JULY 2019 | DGB-JFK PARKING LOT | |
| 8/15/19 | M&T VISA | 900022 | 13.14 |
| | FBFG JULY 2019 | DGB-FOOD | |
| 8/15/19 | M&T VISA | 900022 | 1,103.78 |
| | FBFG JULY 2019 | DGB-HOTEL | |
| 9/24/19 | M&T VISA | 900023 | 11.10 |
| | FBFG AUGUST 2019 | PACER FQE 06/30/2019 | |
| 8/30/19 | ADR SERVICES INC | 8654 | 700.00 |
| | MEDIATION HEARING RE: BURGOS | MEDIATION HEARING | |
| 9/24/19 | M&T VISA | 900023 | 386.43 |
| | FBFG AUGUST 2019 | WESTLAW JUL-2019 | |
| 10/21/19 | PACER SERVICE CENTER | 8757 | 4.10 |
| | ACCOUNT #4246532-RESEARCH | | |
| 11/20/19 | M&T VISA | 900025 | 49.79 |
| | FBFG OCT-2019 | SEP-19 WESTLAW | |
| 12/17/19 | M&T VISA | 900026 | 4.80 |
| | FBFG NOV-2019 | DGB PACER FQE 9/30/19 | |

700250-15   Ines Burgos

```
 DATE    PAYEE                                  CHECK#        AMOUNT
1/23/20  M&T VISA                              900027          6.10
    DECEMBER 2019 J&M VISA ACCOUNT     WST-PACER RESEARCH
2/06/20  PACER SERVICE CENTER                    8972          1.70
    RESEARCH - ACCOUNT #4246532
2/27/20  M&T VISA                              900029        204.75
    JANUARY 2020 VISA STATEMENT        ELO-PROCESS SERVER
2/27/20  M&T VISA                              900029        254.75
    JANUARY 2020 VISA STATEMENT        ELO-PROCESS SERVER
2/27/20  M&T VISA                              900029         56.57
    JANUARY 2020 VISA STATEMENT        DEC-2019 WESTLAW
4/03/20  M&T VISA                              900030          6.20
    FBFG FEB-2020                      WST-PACER
4/03/20  M&T VISA                              900030         16.90
    FBFG FEB-2020                      WESTLAW JAN-2020
4/13/20  M&T VISA                                            80.11     PE
    FBFG MAR-2020                      FEB-2020 WESTLAW

                                     *TOTAL*      91     20,084.65
```

# Exhibit 4

| Attorney | Pre-Suit Investigation And Draft Complaint | Motion Practice And Hearings | ESI Discovery | Written Discovery | Document Discovery | Depositions | Communications With Plaintiffs | Expert Discovery | Mediation and Settlement . |
|---|---|---|---|---|---|---|---|---|---|
| D. Greg Blankinship | 7.4 | 23.9 | 3.4 | 43.2 | 4.1 | 53.8 | 0 | 2.9 | 45 |
| Jean Sedlak | 76.5 | 9.1 | 0 | 26.4 | 0 | 0 | 0 | 2.9 | 1.5 |
| Scott Terrell | 0 | 6.2 | 9.4 | 95.45 | 7.6 | 1.8 | 3.7 | 1.3 | .4 |
| Sara Bonaiuto | 9.2 | .6 | 8.1 | 8.4 | 8.5 | 37.4 | .5 | 7.7 | 20.3 |
| Evelyn Ozuna (paralegal) | 3.4 | 3.1 | 0 | 0 | 0 | .4 | .9 | 0 | 1.2 |

# Exhibit 5

RP-PB002

**Amazon**

https://www.amazon.com/RAVPower-Portable-Technology-External-Smartphones/dp/B076V8YG1H/ref=sr_1_2?keywords=rp-pb002&qid=1559087375&s=gateway&sr=8-2

Overview



Cell Phones & Accessories › Accessories › Batteries & Battery Packs › Portable Power Banks

[2 Pack] Power Pack RAVPower 5200mAh Portable Charger Power Bank (2.4A Output & 2A Input, iSmart 2.0 Technology) External Battery Pack for Smartphones (Black+White)
by RAVPower

2 customer reviews

Price: $27.99 & FREE Shipping. Details

Get $50 off instantly: Pay $0.00 $27.99 upon approval for the Amazon Rewards Visa Card. No annual fee.

- Pocketable Power: Weighs only 4.4 oz and packs 5200mAh of power in a petite build that's easy to carry
- Unmatched iSmart Technology: Detects your device's specs and adjusts the output up to 2.4A for safer, faster charging
- Fast 2A Input: Quickly recharges the battery to full in less than 3 hours via 2.4A charger, twice as fast as a 1A charger
- Long-Life 5200mAh Battery: Recharges your iPhone 7 / 6s 1.8 times, or gives your iPhone 7 Plus / Galaxy S8 at least 1 full charge
- What You Get: 1 x RAVPower 5200mAh Portable Charger, 18 + 12 Month Warranty, 1 x Micro USB Charging Cable, 1 x Carry Pouch, and 1 x User Guide

Compare with similar items

New (1) from $27.99 & FREE shipping. Details

Save on Quality Tripod by AmazonBasics

AmazonBasics 60-Inch Lightweight

AmazonBasics Lightweight Mini Tripod, 4-

AmazonBasics 50-Inch Lightweight

**SVTB000381**







X001GT3TSF

Portable Charger RAV...8, Galaxy S9 - Black
New

65-02052-001

**EXHIBIT 6**
Allen Fung
4/18/2019
Heather J. Bautista
CSR 11600, RPR, CRR

65-02052-001
Model: RP-PB052

## Ace Series 22000mAh External Battery Pack

US Address: 46724 Lakeview Blvd, Fremont, CA 94538
EU Importer: ZBT International Trading GmbH, Halstenbeker Weg 98C, 25462 Rellingen, Deutschland
JP Importer: 株式会社ニアバイダイレクトジャパン
Manufacturer: Shenzhen NearbyExpress Technology Development Co., Ltd.
Address: 333 Butong Road, Shenzhen, China, 518129
Made in China



www.ravpower.com

CE RoHS

 Black White Red Blue





iSMAR+

Model: **RP-PB009**

22000mAh

EXHIBIT 5
Allen Fung
4/18/2019
Heather J. Bautista
CSR 11600, RPR, CRR

**US Address:** 46724 Lakeview Blvd, Fremont, CA 94538

**EU Importer:** ZBT International Trading GmbH, Halstenbeker Weg 98C,
25462 Rellingen, Deutschland

**JP Importer:** 株式会社ニアバイダイレクトジャパン

**Manufacturer:** Shenzhen NearbyExpress Technology Development Company Limited

**Address:** 333 Bulong Road, Jialianda Industrial Park, Building 1,
Bantian, Longgang District, Shenzhen, China, 518129

 CE

RoHS

Made in China



SVTB0000352

# 16750mAh





SVTB0000325



26800mAh Power Bank

SVTB0000014