1

KAPLAN FOX & KILSHEIMER LLP
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)

2

350 Sansome Street, Suite 400
San Francisco, CA 94116

3

lking@kaplanfox.com
mchoi@kaplanfox.com

4

Telephone: (415) 772-4700
Facsimile: (415) 772- 4707

5

6

FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
D. Greg Blankinship (*pro hac vice*)

7

445 Hamilton Ave, Suite 605
White Plains, New York 10601

8

gblankinship@fbfglaw.com
Telephone: (914) 298-3290

9

Facsimile: (914) 522-5561

10

*Attorneys for Plaintiffs*

11

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

12

13

14

INES BURGOS, and MONGKOL
MAHAVONGTRAKUL, individually and on
behalf of other similarly situated individuals,

NO. 4:18-cv-06910-HSG

15

16

Plaintiffs,

**DECLARATION OF SAMUEL
STRAUSS IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES,
AND FOR CLASS REPRESENTATIVE
SERVICE AWARDS**

17

v.

18

SUNVALLEYTEK INTERNATIONAL,
INC.,

19

20

Defendant.

21

22

23

I, Samuel J. Strauss, declare as follows:

1.      I am a member of the law firm of Turke & Strauss LLP, counsel for Plaintiffs in

24

this matter.  I am admitted to practice before this Court and am a member in good standing of the

25

bars of the states of Washington and Wisconsin.  I make this Declaration of my own personal

26

knowledge.  If called upon to testify, I could and would testify competently to the truth of the

27

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE
AWARDS - 1
CASE NO. 4:18-CV-06910-HSG

1    matters stated herein.  I respectfully submit this declaration in support of Plaintiffs' Motion for

2    Attorneys' Fees, Expenses, and for Class Representative Service Awards.

3          2.      Turke & Strauss is a law firm in Madison, Wisconsin that focuses on complex

4    civil and commercial litigation with an emphasis on consumer protection, employment, wage and

5    hour, business, real estate, and debtor-creditor matters.

6    **B.     Qualifications of Counsel**

7          3.      I graduated from the University of Washington School of Law with honors in

8    2013.  As a founding member of Turke & Strauss, I concentrate my practice in complex

9    litigation with an emphasis on consumer and employment issues.

10         4.      I have represented plaintiffs in several consumer class actions, including the

11   following:

- *Jones, et al. v. Monsanto Company*—Filed on behalf of individuals who purchased mislabeled RoundUp® products. The case settled on a class-wide basis in 2020 for $39,550,000. and preliminary approval is pending in the United States District Court for the Western District of Missouri.

- *Hudock, et al. v. LG Electronics U.S.A., Inc., et al.*—Turke & Strauss represents two certified classes of consumers who paid a premium when purchasing televisions due to mislabeled product information. The case is currently on appeal to the United States Court of Appeals for the Eighth Circuit.

- *Fowler, et al. v. Wells Fargo Bank, N.A.*—Filed on behalf of consumers who were overcharged fees on FHA mortgages.  The case settled on a class-wide basis in 2018, and final approval was granted in January 2019.

- *In re Capital One Telephone Consumer Protection Act Litigation*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  Final approval of the $75,455,098.74 settlement was granted in February 2015.

- *Wilkins, et al. v. HSBC Bank Nevada, N.A., et al.*—Filed on behalf of individuals who alleged that HSBC made prerecorded calls using an automatic dialing system.  The case settled on a class-wide basis in 2014 for $39,975,000, and final approval was granted in March 2015.

- *Ott, et al. v. Mortgage Investors Corporation*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis for $7,483,600, and final approval was granted in January 2016.

- *Booth, et al. v. AppStack, et al.*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis in 2016, and final approval was granted in January 2017.

- *Melito, et al. v. American Eagle Outfitters, Inc., et al.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis in 2016 for $14.5 million. The case is currently on appeal with the United States Court of Appeals for the Second Circuit.

- *Dibb, et al. v. AllianceOne Receivables Management, Inc.*—Filed on behalf of Washington consumers who received unfair and deceptive debt collection notices that included threats of criminal prosecution.  The case is settled on a class-wide basis, and final approval was granted in July 2017.

- *Bee, Denning, Inc., et al. v. Capital Alliance Group, et al.*—Filed on behalf of consumers who received junk faxes and automated, prerecorded solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis in 2016, and final approval was granted in November 2016.

- *Rinky Dink, et al. v. World Business Lenders, LLC*—Filed on behalf of consumers who received automated, prerecorded

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE AWARDS - 3
CASE NO. 4:18-CV-06910-HSG

solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  The case settled on a class-wide basis in 2015, and final approval was granted in May 2016.

- *Rinky Dink, et al. v. Electronic Merchant Systems, Inc., et al.*— Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  The case settled on a class-wide basis in 2015, and final approval was granted in April 2016.

- *Spencer v. FedEx Ground Package System, Inc.*—Filed on behalf of current and former delivery drivers who allege violations of state wage and hour laws.  The case settled on a class-wide basis, and final approval was granted in December 2016.

- *Newell v. Home Care of Washington, Inc., et al.*—Filed on behalf of more than 400 in-home health care workers who alleged violations of state wage and hour laws.  The case settled on a class-wide basis, and final approval was granted in January 2015.

**C.    The Work Performed and Risks Assumed by Class Counsel**

5.    To date, Class Counsel have expended considerable time and effort vigorously litigating this case.

6.    Turke & Strauss has spent time on this litigation that could have been spent on other matters.  Turke & Strauss is a small firm with two partners.

7.    The time that Turke & Strauss has spent on this case has been completely contingent on the outcome of the action.

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE AWARDS - 4
CASE NO. 4:18-CV-06910-HSG

**D.     Timekeeping and Lodestar Calculation**

8.      The regular practice at Turke & Strauss is for all attorneys and staff to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments.  Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis.

9.      I carefully reviewed my firm's internal time records and eliminated any duplicate work, time spent reviewing work, and time spent on other purely administrative tasks.  I also deleted all time billed by attorneys and staff who contributed only minimal time to prosecuting the action.

10.     In connection with the representation of Plaintiffs, timekeepers at Turke & Strauss have billed a total of 41.8 hours through May 6, 2020.  The hours reported were compiled from the firm's contemporaneous time records.

11.     Turke & Strauss generated a lodestar of $20,900 representing the Plaintiffs

12.     In addition to professional time expended in the case, Turke & Strauss incurred $698.66 in unreimbursed expenses in this case.

13.     All of these expenses were reasonable and necessary for the prosecution of this litigation.  The expenses incurred in connection with the litigation are reflected in the financial records of Turke & Strauss maintained by the firm's bookkeeper.  The records are prepared from expense receipts and invoices maintained in the ordinary course of business by Turke & Strauss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at Madison, Wisconsin, this 6th day of May, 2020.

  /s/ Samuel J. Strauss
Samuel J. Strauss,

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE
AWARDS - 5
CASE NO. 4:18-CV-06910-HSG