KAPLAN FOX & KILSHEIMER LLP
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
lking@kaplanfox.com
mchoi@kaplanfox.com
Telephone: (415) 772-4700
Facsimile: (415) 772- 4707

FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
D. Greg Blankinship (*pro hac vice*)
One North Broadway, Suite 900
White Plains, New York 10601
gblankinship@fbfglaw.com
Telephone: (914) 298-3290
Facsimile: (914) 522-5561

*Attorneys for Plaintiffs*

GCA LAW PARTNERS LLP
KIMBERLY A. DONOVAN (SBN 160729)
ROBERT ANDRIS (SBN 130290)
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
kdonovan@gcalaw.com
randris@gcalaw.com
Telephone: (650) 428-3900
Facsimile: (650) 428-3901

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| INES BURGOS and MONGKOL MAHAVONGTRAKUL, individually and on behalf of other similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNVALLEYTEK INTERNATIONAL, INC.,<br><br>    Defendant. | Case Number: 4:18-cv-06910-HSG<br><br>Honorable Haywood S. Gilliam<br><br>**[PROPOSED] ORDER AND JUDGMENT** |

WHEREAS, this matter came before the Court for hearing on _____, 2020 (the "Settlement Hearing"), on motion of Plaintiffs in the above-captioned action (the "Action") to, among other things, determine (i) whether the terms and conditions set forth in the Settlement Agreement dated as of May 6, 2020 (the "Settlement Agreement") are fair, reasonable, and

adequate and should be approved by the Court and (ii) whether a Judgment providing, among other things, for the entry of an injunction and the dismissal with prejudice of the Action against Defendant as provided for in the Settlement Agreement, should be entered; and

WHEREAS, on May 6, 2020, the Class Representatives moved for approval of the Settlement and the grant of Service Awards; and

WHEREAS, on June 11, 2020, Class Counsel moved for an award of Class Counsel's Fees and Expenses in the amount of $313,000 and $20,000 (respectively); and

WHEREAS, the Settlement Hearing was duly held before this Court on _____, 2020; and

WHEREAS, this Court has considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is incorporated by reference in this Judgment as though fully set forth herein. All capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Action is hereby finally certified as a class action on behalf of all persons who may purchase any of the Covered Products within the United States

4. .

5. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Class Counsel have and will fairly and adequately represent the interests

of the Class; and (e) Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate with respect to the class as a whole.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, plaintiffs Ines Burgos and Mongkol Mahavongtrakul are certified as the Class Representatives and D. Greg Blankinship of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Mario M. Choi and Laurence D. King of the law firm Kaplan Fox & Kilsheimer LLP are certified as Class Counsel.

7. The Court finds also that the appropriate state and federal officials were timely notified of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, and that ninety (90) days have passed without comment or objection from any government entity.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement as set forth in the Settlement Agreement and finds that settlement, including but not limited to the terms of the Settlement Agreement governing, are, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including the Class Representatives. This Court further finds that the settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties, and that Class Counsel has concluded that the proposed settlement is fair, reasonable, and adequate. Accordingly, the settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9. The Action and all claims asserted therein are dismissed with prejudice and without costs, as such costs are identified in 28 U.S.C. § 1920.

10. Class Counsel are hereby awarded attorneys' fees ("Class Counsel Fees") of $_____, which sum the Court finds to be fair and reasonable. In making this award, the Court has considered and found that:

(a) The Action involves complex factual and legal issues, was actively prosecuted, and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(b) D. Greg Blankinship and his firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Mario M. Choi and Laurence D. King and his firm of Kaplan Fox & Kilsheimer LLP skillfully and zealously pursued the Action on behalf of the Class Representatives and the Class;

(c) The hourly rates charged by Class Counsel are reasonable;

(d) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover nothing from the Defendant;

(e) The amount of the Class Counsel Fees awarded herein is consistent with awards in similar cases;

(f) Class Counsel shall be responsible for allocating and distributing the Attorneys' Fees and Expenses to Plaintiffs' Counsel; and

(g) Class Counsel are hereby awarded expenses ("Class Counsel Expenses") of $20,000, which sum the Court finds to be fair and reasonable. Class Counsel shall be responsible for allocating and distributing the Attorneys' Fees and Expenses to Plaintiffs' Counsel.

11. The Court finds that an award to the Class Representatives for their time and effort in representing the Class in the prosecution of the Action is fair and reasonable, and thus awards each of the Class Representatives a Service Award in the amount of $5,000.00.

12. This Order and Judgment, the Settlement Agreement, any of its terms and provisions, any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

(a) shall not be offered or received against Defendant or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or Released Parties with respect to the truth of any fact alleged by the Class Representatives or the validity of any claim that was or could have been asserted against any

Defendant or Released Parties in the Action or in any litigation, or of any liability, fault, misconduct, or wrongdoing of any kind of any of the Defendant or Released Parties;

(b)     Shall not be offered or received against Defendant or Released Parties as evidence of a presumption, concession, or admission of any liability, fault, misconduct, or wrongdoing by any Defendant or the Released Parties or against the Class Representatives or any Settlement Class Members as evidence of any infirmity in the claims of the Class Representatives or the other Settlement Class Members;

(c)     Shall not be offered or received against Defendant or Released Parties, or against the Class Representatives or any other Settlement Class Members, as evidence of a presumption, concession, or admission with respect to any liability, fault, misconduct, or wrongdoing of any kind, or in any way referred to for any other reason as against any Defendant or Released Parties, in any other civil, criminal, regulatory or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and this Order and Judgment; provided, however, that Defendant or any of the other Released Parties may refer to this Order and Judgment and the Settlement Agreement to effectuate the protection from liability granted them thereunder;

(d)     Shall not be construed against any Defendant or Released Parties, or against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     Shall not be construed against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages would not be recoverable under the Complaint or Amended Complaint in this Action.

13.     The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Order and Judgment; and (c) other matters related or ancillary to the foregoing.

5

14. In the event that this Order and Judgment does not become Final or the Settlement is terminated pursuant to the terms of the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and shall be vacated to the extent provided by the Settlement Agreement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and the Settling Parties shall be deemed to have reverted to their respective status in the Action immediately prior to November 14, 2018.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16. There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, THE COURT HEREBY ENTERS THE FOLLOWING INJUNCTION:

A. Sunvalleytek will:

1. Change the product label to say the words "battery capacity" in conjunction with the mAh number (where the mAh number is the sum of the nominal rated capacity of the internal battery cells of the Power Bank);

2. Change the user guide specifications to say the words "battery capacity" in conjunction with the mAh number (where the mAh number is the sum of the nominal rated capacity of the internal battery cells of the Power Bank);

3. Change the product description in the Amazon listings to convey that the specified mAh is the sum or total of the nominal rated capacity of the internal battery cells; and

4. Change the Amazon listing the bullet points to say "xxxx mAh internal battery capacity" or "internal battery capacity xxxx mAh" (where xxxx represents the number that is the sum of the nominal rated capacity of the internal battery cells in the power banks).

B. Nothing in this Order shall preclude Sunvalleytek from making further changes to any of its product labels or marketing: (1) that Sunvalleytek reasonably believes are necessary

to comply with the National Advertising Division's rules, guidelines, or decisions, or any other statute, regulation, or other law of any kind; (2) that are permitted by product changes or additional testing or development work and/or to ensure Sunvalleytek provides accurate product descriptions; or (3) that are more detailed than those required by this Order.

NOW, THEREFORE, WITH RESPECT TO RELEASES, THE COURT HEREBY ORDERS THE FOLLOWING:

1. The Settlement Agreement, as incorporated in this Order, shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties. No Released Party shall be subject to liability of any kind to any Releasing Party with respect to any Released Claim. Upon the Effective Date, and subject to fulfillment of all the terms of this Agreement, the Releasing Parties shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum.

2. "Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature that could reasonably have been, or in the future might reasonably be asserted by, Plaintiffs or Defendant, either in the Action or in any action or proceeding in this Court or in any other court or forum, against the Released Parties, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to legal claims made by Plaintiffs out of or relating to the allegations in the Action or Defendant's labeling, marketing, advertising, packaging, promotion, manufacture, sale, and distribution of all Covered Products as alleged in the Action. For avoidance of doubt, this includes, all such claims that relate in any way to this Action or the capacity of internal cells of the batteries as measured in mAh, statements that were or are contained on the Covered Products or otherwise relate to the labeling, marketing, advertising, packaging, promotion, manufacture, sale, and distribution of the Covered Products with respect to capacity in conjunction with mAh, including future identical statements about Covered Products, which have been asserted or which could reasonably have been asserted by

the Releasing Parties in the Action, including but not limited to claims alleging any type of bad faith, frivolous or vexatious litigation, fraud, misrepresentation, breach of warranty, unjust enrichment, or unfair trade practice under any state or federal law (including all claims for injunctive or equitable relief), but not including claims for personal injury or attorney's fees or costs (other than the attorney's fees and costs the Court may award pursuant to this Settlement).

3. "Released Parties" means Plaintiffs and Sunvalleytek, including all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, subrogees, and assigns.  It is expressly understood that, to the extent a Released Party is not a Party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

4. "Releasing Parties" means Plaintiffs Ines Burgos and Mongkol Mahavongtrakul and Sunvalleytek.

5. On the Effective Date, each Releasing Party shall be deemed to have released and forever discharged each of the Released Parties of and from any and all liability for any and all Released Claims.

6. With respect to any and all Released Claims, and upon the Effective Date without further action, for good and valuable consideration, Plaintiffs and Sunvalleytek shall fully, finally, and forever expressly waive and relinquish with respect to the Released Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

7. On the Effective Date, each of the Released Parties shall be deemed to have released and forever discharged each of the Releasing Parties and their respective counsel, for all Released Claims, except to enforce terms and conditions contained in this Agreement.

8. Absent class members or members of the putative class or the settlement class shall not release any claims, and are not bound in any way, under this Settlement.

9. The Court shall retain exclusive and continuing jurisdiction over the Parties and the Settlement Class Members to interpret and enforce the terms, conditions, and obligations under the Agreement.

Dated: _____, 2020

_____
HONORABLE HAYWOOD S. GILLIAM
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA